McELDERY AND CHAPMAN, Ex'ors *versus* McKENZIE.

Executors or administrators, by virtue of their general powers as such, cannot make any contract in their representative character, which at law, will bind the estate, and authorise a judgment *de bonis testatoris*.

If an executor or administrator contracts for necessary matters relating to an estate, he does so on his personal responsibility, and the action to recover thereon, must be against him individually.

THIS was an action of assumpsit, in the Circuit Court of Morgan against McEldery and Chapman, executors of Goodhue's estate. The cause of action declared on, was work and labor for the estate of Goodhue, performed at the instance of the executors.

McEldery alone appeared, and plead "non-assumpsit and set off," and a judgment was rendered against both executors, *de bonis testatoris*. On trial, the Court charged the jury, that if they believed the work and labor was beneficial to the estate, it was chargeable to the defendants below, in their representative capacity as executors, and not to them as individuals; and that such evidence would sustain the action. The defendants below excepted to this charge, and took a writ of error to this Court.

S. PARSONS, for Plaintiff—Insisted, that a party making a contract with executors, but not in their representative character, must recover against them individually.

In this case, the contract was made with, and executed for the executors, and not for the testator: therefore, recovery cannot be had against the executors in their representative capacity.—1 *Chitty's Pl.* 205.

As it is clear the executors were liable for their contract individually, the question arises, has the defendant in error a double right of action?

A contract entered into by executors individually, for the benefit of an estate, might be allowed by the Orphans' Court on settlement; but at law, does not found a right of action against them as *executors*.

HOPKINS, *contra*—Contended, that the services performed were for the benefit of the estate, and it followed, that the contractors were liable to an action in their representative character.

If the Court below, in so instructing the jury, laid down the doctrine too broad, it is not available in error.— *Wilson* vs. *Jackson*—(*Ala. Rep.* 399.)

If the services rendered were for the benefit of the estate, of course the persons rendering them ought to

have their right of action against the estate, because the services might be essential, and the executors insolvent; and but for the remedy on the estate, the services would not be performed at all.—Cited 2 *Henn. & Munf.* 55—*Chitty on Bills,* 490, *Note* 2,—*ib.* 499, *Note n.*

By Mr. Justice HITCHCOCK.

Murdock M. McKenzie brought an action of assumpsit, in the Circuit Court of Morgan county, against Thomas McEldery and Reuben Chapman, executors of William S. Goodhue, and declared against them for work and labor done by him for them as executors of said estate, at their instance and request, in and about the settlement of the estate of the said Goodhue. The declaration avers a liability, and *super se* assumpsit, in the common form. McEldery pleaded in short, "non-assumpsit, and set-off," to which there was a replication and issue, in short. The cause was tried at March term, 1833, and a verdict was had in favor of the plaintiff against both defendants, for the sum of eighty-eight dollars and fifty-five cents, and a judgment *de bonis testatoris* was rendered thereon. No notice appears to have been taken of the failure of Chapman to plead.

At the trial, two bills of exceptions were taken to the opinion of the Court. In the first, and only one which it will be necessary for the Court to notice, it is stated, that "it was proved that the work and labor done, and which is sued for, was done at the request of the executors, as set forth in an account which is made part of the bill of exceptions, and which appears to be principally for posting up the books of the testator : upon which evidence the Court charged the jury, that if they believed that the work done was such as was beneficial to the estate, that, in that case, it was char-

geable to them in their representative capacity of exe·cutors, and not to them as individuals; and that such evidence did sustain the action against them in their representative capacity."

The case appears to have been treated by the plaintiffs, and the Court below, as a suit against them as executors, and the charge of the Court directly involves the question, whether an executor or administrator, by virtue of their general powers as such, can make any contract in their representative character, which at law, will bind the estate, and authorise a judgment *de bonis testatoris.*

*Ala. Rep.276.* This Court, in the case of *Greening* vs. *Sheffield,*[a] at December term, 1824, where the defendant had given his note as executor, and was sued in his representative capacity, decided, " that in a court of law, the estate could not be charged in such a contract"— that Greening, the defendant, though liable in an action properly brought against him in his individual character, could not be made liable in the action against him as executor. This decision is decisive of this case : for if an executor cannot give a note to bind the estate, he cannot make any other contract in law to bind it. The limitation which the Court, in this case, has placed upon the plaintiffs' right, " that he should show that the work was beneficial to the estate," cannot affect the case. It is a very proper inquiry, as between the executor and the County Court, when the executor presents his accounts for final settlement. But to say that the plaintiffs' right to recover for work and labor faithfully performed, shall depend upon the benefit which the estate shall have derived from that labor, would be establishing a new principle in the law of contracts, not heretofore known.

If the executor is able to contract and bind the

estate, the evidence of such contract and performance of the stipulations under it, by the plaintiff, would entitle him to recover. If he is not able to contract, except under the above restriction, then it would seem to follow, that he cannot contract at all. That an executor or administrator can, at his discretion, employ workmen, make contracts, give notes and bonds, *ad libitum*, and bind the estate, and where there are more than one, bind all in that capacity, is a principle that seems only necessary to be stated, to be rejected. That an executor or administrator may contract for all necessary matters relating to an estate, cannot be doubted, but that he does so on his personal responsibility ; and the action to recover on such contract, at law, must be against him individually, is equally clear.

That there are cases in which a court of equity would charge the estate, there can be no doubt ; but where the executor is living, liable to be sued, and for aught that appears, able to pay, the remedy is against him individually.

In this case, the action is against both executors : only one has pleaded. The evidence is, that the work was done at the instance of one, and which one does not appear ; and the judgment is against both, and the estate is charged. So much error, in so short a case, does not commonly occur.

The judgment must be reversed ; and as the action is misconceived, the case cannot be remanded.