FRANCIS F. L'ENGLE, APPELLANT, VS. EDWARD M. L'ENGLE AND THEODORE HARTRIDGE, AS ADMINISTRATORS OF JOHN P. SANDERSON, DECEASED, APPELLEES.

1. Administrators loan funds, assets of the estate they represent. In a suit by them in their representative capacity as administrators to recover the money the defendant cannot set off the value of his services rendered the estate at the request of the administrators. Unless specially authorized by law the administrators can make no new contract binding the estate. The remedy of the party contracting with them is personal against them and the judgment in such a suit is to be satisfied *de bonis propriis*.

2. Where a demurrer to a plea heard in vacation is sustained, and there
   is no proper application to withdraw the demurrer or to amend
   or plead further, the proper judgment to be rendered is a final
   judgment against the defendant. The Judge under the rule and
   statute should so order, and where the action is upon a contract
   in which the clerk can assess the damages, a formal final judg-
   ment, sustaining the demurrer, and for the damages assessed
   should be entered upon the hearing upon the demurrer without
   waiting for a rule day. A judgment entered by the clerk at a
   subsequent day for default in pleading is unauthorized, as there
   is no default, the defendant having pleaded and his plea having
   been pronounced insufficient in law.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*Wm. B. Young* and *John Earle Hartridge* for Appellant.

The statute says all debts or demands mutually existing
between the same parties at the commencement of the ac-
tion shall be proper subjects of set-off. McClellan's Dgst.,
page 831.

The question which the demurrer raises is, are the debt
sued on and the demand offered to be set-off by the plea
"mutually existing between the same parties." The con-
tract sued on was entered into between the plaintiffs and
the administrators and the proceeds are to enure to the
benefit of the estate of Sanderson.

The set-off is for services rendered by the defendant for
the benefit of the estate of Sanderson at the instance and
request of the plaintiffs.

The statute of set-off was intended to enable the courts
of law to administer an equitable remedy and prevent liti-
gation, and the law courts, in so far as is consistent with
their established rules, apply the law of set-off to the same
beneficent purposes for which it has been accustomed to be
used in equity; therefore the rule of mutuality is subject to
a number of qualifications and exceptions. Waterman on

Set-off, page 25; 12 American Decisions, 155, (note to Gregg vs. James.) Parties in interest and not mere nominal parties are usually regarded by the courts in determining the question as to mutuality of demands. Waterman on Set-off, §218, page 251; Chandler vs. Drew, 26 American Decisions, page 704, 6 New Hampshire 469. The administrators would have sued on the cause of action in this case in their own name. They were not compelled to sue as administrators, and if they do so sue it will be considered as a mere *descriptio personæ*. Waterman on Set-off p. 216; Harbin vs. Levi, 6 Ala. 400; Helm vs. VanVleet, 12 Am. Dec. 248. In an action on a promise made to an executor a debt due from the testator in his life-time cannot be set-off. Patterson vs. Patterson, 17 Am. Repts. 384, 59 N. Y. 574.

Nor in such an action can a debt due from the executor on his individual account be set-off. Harbin vs. Levi, 6 Ala. 400. In the case of Patterson vs. Patterson, above referred to, the action was on a promise to the executor, and the funeral expenses of the deceased were allowed as a set-off, the court saying that the letters testamentary related back to the death of the testator and that they would imply a promise from the executor. Now, here was a promise to an executor sued on and a promise from him to pay a claim for which he would be entitled to a credit on settlement offered to be set-off, which is, we claim, the case at bar, and the set-off was allowed.

The case at bar is an action by administrators upon a promise made to them, and they have to account to the estate of their intestate for the money due from the defendant; the demand offered to be set-off is for services rendered for the benefit of said estate at their request, and they would be entitled, if they paid the defendant's demand, to an allowance upon settlement, for so much as the services

were reasonably worth, and the defendant could have obtained a credit for no more if his plea of set-off had been allowed.   Hence we maintain that there is a perfect mutuality and that the court below erred in sustaining the demurrer.

We concede that an executor or administrator cannot bind the estate of his testator or intestate by his contract, and that he is individually liable for services rendered the estate at his request; but we contend that it is contrary to the letter and the spirit of the law of set-off to allow them to collect from the defendant upon his promise to them funds which they have to account for, and not allow him to retain money due him for services rendered for the benefit of the estate at their request and for which they would be entitled to a credit on accounting.

The judgment rendered was erroneous.   Upon sustaining a demurrer to a plea the court should render judgment on the demurrer and not a judgment by default.   The defendant was not in default.

The lending of the money for which the note in suit was given by the administrator, was a conversion by them and the right to sue on it is in them as individuals, and the words " as administrators " should be considered a mere *descriptio personæ*.   See authorities previously cited.

*C. P. & J. C. Cooper* for Appellees.

The services and work performed as an attorney by the defendant, F. F. L'Engle, at the request of the administrators of J. P. Sanderson, are a charge against them *personally*, as they cannot create debts for the estate they represent to become liable for.   These administrators may have their attorney's fees allowed them in the settlement of their accounts, but the party who performs the services looks to them personally, and cannot sue them in the representative

character and have his judgment satisfied of the goods and chattels of the decedent. If F. F. L'Engle cannot sue the administrators of Sanderson as such, he cannot set his claims as their attorney against a demand due them in their representative character. 3 Williams on Executors, Sec. 1874, and Notes 1872 and 1876; 2 Porter, Ala., 33; 7 Fla., 221 and 317; 6 Am. R., 92; N. Y., 316.

Set-offs must be mutual demands; they must be due to and from the parties to the suit in the same right. A debt due by an administrator personally, cannot be set off against a debt due the intestate or the administrator as such. The claims due F. F. L'Engle are due to him from E. M. L'Engle and T. Hartridge personally; the debt on which the suit is based is due to them as administrators of John P. Sanderson. These claims of F. F. L'Engle cannot be set off in this suit. Waterman on Set-off, 3, 187, 208; Harbin vs. Levi, 6 Ala. 399.

There is another reason why these offsets should not be permitted to be filed in a suit by the administrators of this suit, because they are liable to alter the regular and legal order of the distribution of assets. There may be preferred claims due from the estate and F. F. L'Engle would be permitted to pay his own claim whether in order or not, even if this was a debt due him from the intestate. 2 Hills, N. Y., 213; 20 Johnson, N. Y., 140; 6 Barbours, N. Y., 331; 21 Wendall, N. Y., 674 and 5.

We drew the demurrer and assigned same cause of demurrer to each item of offset separately, as they are each like the separate counts in a declaration, and the demurrer might apply to some and not to other items. The item of interest is undoubtedly no charge on the estate and other particular items which can be noted. 2 Hill's Rep., 213; 3 Williams' Exs., 1874, 3; 3 Simmons' Rep., 241.

The judgment taken was on a default for want of a plea

or demurrer on the rule-day after the overruling of the demurrer in *vacation*, a rule-day passed, and a plea should have been filed; the rules do not contemplate that a declaration shall remain in the clerk's office unanswered, but if plea is not put in, a default and final judgment thereon follows; and this is the only judgment that the clerk is authorized in vacation to enter. Chap. 1938, Secs. 6 and 7; Rules 16 and 6 Com. Law Actions.

The Judge may order parties to plead; if he does not the next rule-day would seem under the rules to be the day when they should plead, and if not, suffer default. Rule 6 Com. Law Actions.

MR. JUSTICE WESTCOTT delivered the opinion of the court:

The action here is by Sanderson's administrators in their representative character against the appellant upon a promissory note given by him to them in their representative capacity for money assets of the estate borrowed by him of them. The appellant admits these facts in his plea, and by way of setoff sets up an indebtedness of the administrators to him for work and labor performed by him as an attorney and surveyor in connection with Sanderson's estate at the request and instance of the administrators. To this plea a demurrer was sustained and from this judgment this appeal is taken. The principal question, therefore, for us to determine is whether services performed for an administrator for the estate which he represents can be set off in a suit by the administrator in his representative capacity for moneys of the estate lent by him as administrator to the defendant.

The law is that an administrator may sue in his representative capacity upon such a contract, and he will be chargeable with the proceeds as assets. Branch vs. Branch,

6 Fla., 323 ; 1 Chitty's Pleading, 16 Am. Ed., 226 ; Sheets vs. Pabody, 6 Blackf., 122 ; Hemphill vs. Hamilton, 6 English, (Ark.) 426 ; Abingdon vs. Tyler, 6 Cold., 502 ; 2 Williams on Executors, 6 Am. Ed., top page, 949, 952. While at the same time his creditor cannot recover a judgment *de bonis intestatoris* in a suit against the administrator. The judgment in the suit of his creditor is *de bonis propriis.* Branch vs. Branch, 6 Fla., 325. The general rule is that an administrator can make no new contract in his representative character to charge the estate of the testator, and for any breach of a new contract entered into by him as administrator subsequent to the death of the intestate he is only liable in his individual capacity. May vs. May, 7 Fla., 220 ; McHardy vs. McHardy, 7 Fla., 317 ; Branch vs. Branch, 6 Fla., 325 ; Davis vs. French, 20 Me., 23. There cannot in such case be a judgment to be satisfied out of the assets of the intestate.

To allow this plea here to prevail would be equivalent to a judgment *pro tanto* of payment from the assets of the intestate which cannot be. Such a set-off cannot be sustained as the claim is not in the same right. Harbin vs. Levi, 6 Ala., 399 ; McEldery *et al.* vs. McKenzie, 2 Porter, 36 ; Turner vs. Plowden, 2 Gill. & John., 457 ; Waterman on Set-off, 187. It must be apparent also that a power in the administrator to bind the assets of the intestate by his personal contracts in reference to the estate would materially interfere with the due course of administration of the estate. If the administrators had paid this claim the matter would then have been the subject of consideration and action by that forum to which such jurisdiction appertains.

The only other objection made to the judgment in this case is that the final judgment entered after default in pleading for want of a plea or demurrer is erroneous. This we think was clearly error. There was here no default in

L'Engle v. L'Engle and Hartridge—Opinion of Court.

pleading. Where the judgment should be final upon the demurrer both the statute and the rules contemplate that such judgment shall be rendered, and if it is an action in which the clerk can assess the damages, and this is such an action being assumpsit upon a promissory note, such final judgment should be entered.

In this case it is apparent that the defendant rested upon his demurrer and proposed neither to amend his plea nor to file any other plea. Section 9, Chapter 1938, Laws, provides that a demurrer may be heard in vacation, "and the Judge may in vacation make any order in regard thereto and consequent upon his determination of the issues of law presented that he could in term time," and Rule 29 of the Circuit Court in common law actions contemplates a final judgment by prescribing regulations for amendment of the pleading. Neither the statute nor the rule contemplate an imparlance except in cases where the disposition of the demurrer is "otherwise than by final judgment." Such judgment is the judgment of the court to be entered by the clerk upon the order of the Judge in the same manner as such judgment would be entered in term time, the clerk assessing the damages.

There is in this record no such order of the Judge, and the judgment is entered by the clerk in vacation here without the order of the Judge in a case where such order is required by law.

The judgment is reversed and the case will be remanded, with directions to enter a judgment in conformity with the views expressed in the opinion herein rendered.