JOHN Y. PETTYS, APPELLANT, VS. ALPHONSO MARSH, AP-PELLEE.

1. Contract to make a deed to a lot of land for the purchase money of which a promissory note was given.  A warranty deed in the usual form was tendered describing the land in the language of the contract.  A plea that the deed was not a sufficient one for lack of description, but pointing out no defect or uncertainty in the description, was, on demurrer, properly held bad.

2. A judgment by default on sustaining demurrer to a plea, is error. If no leave be given to amend the plea or to plead anew, there should be final judgment on the demurrer.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Foster & Gunby* for Appellant.

*A. M. Thrasher* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court :

This was an action on a promissory note, and in declaring on it the plaintiff, who is appellee here, prefaced his count with a statement that the note was given by appellant for an indebtedness to him on a contract for the purchase of an undivided one-half interest in a certain lot of land and saw-mill in Orange county, and attached the contract to his declaration.  Subsequently he amended his declaration by tendering and filing a warranty deed to the land described in the contract.  Appellant pleaded to the

declaration that the deed was not a sufficient one, and in fact was not a description of any property. To this plea there was a demurrer, which was sustained by the court in these words : " Demurrer sustained, and plaintiff entitled to default for want of plea, answer or demurrer." No judgment having been entered, appellee, on the succeeding rule day, filed his præcipe for default, and thereupon took his judgment, from which comes this appeal.

The errors assigned are, that the demurrer to the plea should have been overruled, and that the court, in sustaining it, should not have held that the plaintiff was entitled to default.

We are not advised why the plaintiff thought it necessary to go beyond the ordinary declaration on a promissory note. There is nothing in our law that required this. If there was anything in the contract on which the note was based that involved a right to recover on the note, that was a matter to be set up by the defendant. But the parties rested their rights on the pleadings as these appear, and to prevent useless litigation in the future, we had as well determine the merits of the case as presented by them

Was the demurrer to the plea properly sustained ? The deed to which objection is made is in terms a sufficient warranty deed ; and the description of the property is in the exact language of that called for by the contract. For anything that appears in the plea, that description is such as to enable an easy identification of the lot of land and mill. It is as follows : " The undivided one-half interest * * in that lot, tract or parcel of land lying and being in the county of Orange, and State of Florida, described * (and) known as lot (19) nineteen, in subdivision of lot number (56) fifty-six, of Mitchell's survey of Levy Grant, together with all the right, title and interest of said party * * in and to the saw-mill located on said lot nineteen." In the

absence of any allegation showing wherein this description is defective or uncertain, we fail to see any error of the court in sustaining the demurrer to the plea.

But the court did err in holding that the plaintiff was entitled to a default for want of plea, answer or demurrer. In sustaining the demurrer there should have been final judgment thereon, unless the defendant was given leave to amend his plea or to file a new one. Garlington vs. Priest, 13 Fla., 559; L'Engle vs. L'Engle & Hartridge, administrators, 19 Fla., 714. For this error the judgment is reversed.