MANUEL C. JORDAN, PLAINTIFF IN ERROR, VS. JOHN RYAN COMPANY, DEFENDANT IN ERROR.

1. A demurrer was sustained to a plea and the plea stricken out; further pleas being filed, the declaration, by leave of the court, was amended as to the cause of action in essential particulars, and defendant granted leave to plead thereto by the rule day following; a demurrer to the declaration was filed within the time allowed, but no further pleas were filed: *Held*, That the ruling on the demurrer to the original plea was immaterial, as plaintiff's right of recovery in the action depended upon the amended declaration, to which the plea demurred to was not applicable.

2. Under the statute a party has the right, in case an amended pleading has been pleaded to before amendment, and not pleaded to *de novo* within two days after amendment, or within such time as the court shall allow, to have the original pleading stand and be considered as pleaded to the amended pleading, provided such pleading be responsive and applicable to the amended pleading.

3. When the pleading filed before amendment and sought to be applied to the pleading as amended is not responsive thereto, it may be treated as a nullity, and without moving to strike it out judgment may be entered as if it had not been filed.

4. A declaration alleging that the note and open account sued on were transferred, assigned and delivered to the plaintiff, is sufficient to authorize the suit in the name of the transferee and assignee.

5. Where judgment overruling a demurrer to a declaration is *re spondeat ouster*, with leave to defendant to plead within a fixed time, a default may be entered upon a failure to plead within the time granted.

6. The presumption is that judgments rendered in term by a court of general jurisdiction are regular and proper, in the absence of any sufficient showing to the contrary.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan* and *Walker & L'Engle*, for Plaintiff in Error.

*R. H. Liggett*, for Defendant in Errror.

MABRY, C. J.:

The John Ryan Company, a corporation created and existing under the laws of Maryland, sued M. C. Jordan in assumpsit and obtained a judgment. The original declaration contained two counts, one alleging that M. C. Jordan executed and delivered to the plaintiff a certain promissory note for a sum of money mentioned, and the other alleging that said defendant, Jordan, was indebted to the plaintiff in a certain sum for goods, wares and merchandise, sold and delivered by the plaintiff to the defendant at his special instance and request.

After an order of the court requiring the defendant's name to appear in the declaration as Manuel C. Jordan, instead of M. C. Jordan, a plea was filed to which a demurrer was sustained, and the plea stricken out. Additional pleas were filed to both counts of the declaration, and thereupon plaintiff, by leave of the court, filed an amended declaration and the defendant was granted leave to plead to the amended declaration by the rule day following, and within the time given a demurrer to the amended declaration was filed. The amended declaration alleges that Manuel C. Jordan, by the name of M. C. Jordan, executed and delivered his certain described promissory note to the firm of John Ryan & Co., a partnership composed of John Ryan and Edward P. Suter, and thereby promised to pay to the order of said firm at the bank of Jacksonville and on a date mentioned, the sum of fifty nine and 76-100 dollars, by means whereof the defendant

became liable to pay to the order of said firm the said sum of money. Further, on the 22nd day of October, 1887, and before said note became due the said firm of John Ryan & Co., for a valuable consideration, assigned, transferred and delivered the said promissory note to the John Ryan Company, plaintiff corporation, whereby the said note became and was the sole property of plaintiff, and that when the said note became due, it was presented for payment at the bank of Jacksonville, but defendant did not pay the same and has failed and refused so to do.

The second count alleges that defendant became indebted on a date mentioned to the said firm of John Ryan & Co., in the sum of fifty-one and 85-100 dollars for goods, wares and merchandise, sold and delivered by said firm to defendant, at his request, and while defendant was so indebted to said firm, the latter, for valuable consideration, on a given date, assigned and transferred the said claim and demand to the plaintiff corporation and it thereby became the absolute owner of the said claim and demand, and was entitled to receive payment of same from defendant, yet he has failed and refused to pay the same, and plaintiff claims two hundred dollars damages. The note and account filed with the declaration have endorsed on them, the former, "John Ryan & Co.," and the latter, "account assigned to John Ryan Company Oct. 22, 1887."

The grounds of the demurrer to the amended declaration are: 1. The first count of the declaration fails to show that the note sued on was endorsed by plaintiff. 2. The second count does not allege that plaintiff sues defendant for money payable by defendant to plaintiff on the account therein mentioned, nor does it introduce said cause of action with any words

of like effect. 3. Said count shows that the alleged cause of action is an account for goods sold and delivered by John Ryan & Co., to defendant, and assigned and transferred to plaintiff, yet it fails to allege that defendant gave his consent to the transfer or that he ever promised to pay said account to the transferee. 4. No venue is stated in the declaration.

After argument, the foregoing demurrer was overruled and defendant given until the rule day following to plead. No further pleading was filed by defendant, and on the rule day designated, the clerk entered a default against the defendant for a failure to plead to the amended declaration. At a term of court following the rule day at which the default was entered a final judgment was rendered against the defendant for the sum of $132.17, for principal, interest, and protest fees, besides costs of suit. The judgment recites that the cause came on to be called and the defendant answered not, and then, upon proof offered by the plaintiff, judgment was entered in its favor. The case is here by writ of error without a bill of exceptions.

The errors assigned are: (1) The court erred in sustaining the plaintiff's demurrer to defendant's plea to the declaration; (2) the court erred in striking out the plea, there being two counts, to one of which the plea was good; (3) the court erred in overruling defendant's demurrer to the amended declaration; (4) the clerk erred in entering a judgment by default, there being at the time a good and sufficient plea to the declaration; (5) the court erred in entering final judgment upon the default; (6) the judgment is improper in its terms and language, and includes unlawful charges upon its face.

The first two assignments of error, relating to the action of the court in sustaining a demurrer to the plea filed to the original declaration, demand no consideration in this case, as after the demurrer had been sustained, and after defendant had filed other pleas, the declaration was amended in essential particulars, and appellee's right of recovery must depend upon the amended declaration. An error committed in the ruling on the plea first filed to the original declaration would be immaterial so far as appellee's right to recover on the amended declaration is concerned.

The only ground of the demurrer involved in the third assignment of error that is argued by counsel for plaintiff in error is, that there is no allegation in the amended declaration of the endorsement of the note to the plaintiff. The note filed with the declaration has on it the endorsement of John Ryan & Co., but it is insisted that as the declaration does not allege an endorsement, it is defective on this account. It will be observed that the allegation of the declaration is that for a valuable consideration, the firm of John Ryan & Co. transferred, assigned and delivered the note before maturity to plaintiff. In the case of Hooker vs. Gallagher, 6 Fla. 351, suit was brought on a promissory note, and the declaration alleged that the note was made payable to Thomas Weeks or order, and by him sold and delivered to William Butler, who sold and delivered it to the plaintiff, and it was held, on demurrer, that the declaration was bad, on the ground that a declaration upon such a note by a holder, other than the payee, should allege its endorsement. The court construed the allegation in the declaration to be simply a transfer of the note, and it was said that the plaintiff might have brought suit upon it in the name of the payee for his use. The declaration in the pres-

ent case alleges a transfer, assignment and delivery of the note sued on, and the statute of 1828 (secs. 85 and 86, page 832, McClellan's Digest) changed the common law rule, as to certain instruments, to the extent of giving to assignees or endorsees of such instruments the right to sue in their own names. The decision in Hooker vs. Gallagher was made in 1855, long before the act of 1881, Chapter 3241, was passed, giving, in all civil actions at law arising out of contract, the real parties in interest the right to sue in their own names. We are entirely satisfied that under the last act referred to the declaration is sufficient in the particulars mentioned, whatever may have been its fate under the law existing prior to that time. The statute (Chapter 3241) conferred the right upon real parties in interest in all civil actions at law arising out of contract to sue in their own names. Robinson vs. Nix, 22 Fla. 321; Sammis vs. Wightman, 31 Fla. 10, 12 South. Rep. 526. The other grounds of the demurrer are not argued, and they demand no consideration.

It is contended, under the fourth assignment of error, that at the time the judgment by default was entered by the clerk there was a sufficient plea to the declaration, and this being so, that the action of the clerk in entering the default was unauthorized. After the first plea to the original declaration had been overruled on demurrer, two other pleas were filed to that declaration, and, without a joinder of issue thereon, an amended declaration was filed, with leave to the defendant to plead thereto. No pleas were filed within the time allowed, but the demurrer considered above was interposed. It is now insisted that under the statute (McClellan's Digest, p. 834, sec. 98, Rev. Stat., sec. 1044) the pleas filed to the original declaration must be considered as pleaded to the amended declara-

tion, and that the filing of the demurrer within the time allowed should not operate to deprive the defendant of his right to stand upon his pleas filed to the declaration before it was amended. We said, in effect, in Livingston vs. L'Engle, 27 Fla. 502, 8 South. Rep. 728, that where a plea is filed to a declaration subsequently amended, and the defendant does not avail himself of his legal right to plead to the amended declaration, but goes to trial on the issue joined on a plea that is broad enough to apply to the declaration as amended, the plea must be considered as extending to the new declaration. There can be no question about the right under the statute, in case an amended pleading has been pleaded to before amendment, and not pleaded to *de novo* within two days after amendment, or within such time as the court shall allow, to have the original pleading stand and be considered as pleaded to the amended pleading. Sammis vs. Wightman, *supra*. Whether or not the plaintiff in error is in a situation to avail himself of the benefit of this right on the record before us, is immaterial, as the pleas relied on are not responsive to the amended declaration, and do not set up any defense to it. It was held by this court in Huling vs. Florida Savings Bank, 19 Fla. 695, that when a plea is not responsive to the declaration or any part of it, it is frivolous and may be treated as a nullity, and without motion to strike out or demur the plaintiff is entitled to judgment. The original declaration filed in this case alleged, in the first count, that the note sued on was executed and delivered by the defendant to the plaintiff corporation, and in the second count it was averred that the goods sued for were sold and delivered by the plaintiff to the defendant at his request. To the count alleging that defendant executed the note sued on to the plaintiff

corporation, the plea alleges that defendant did not make such note, or any other note, to the corporation, and to the count on the open account for goods, wares and merchandise, the plea is that defendant was never indebted to the corporation *as alleged.* The amended declaration alleges that the note was executed to John Ryan & Co., and that the goods were purchased by defendant from that company, and that for valuable consideration said note and account were transferred and assigned by Ryan & Co. to plaintiff. It is evident that the pleas referred to do not meet the case alleged in the amended declaration, are not applicable to it, and cannot be considered as setting up any sufficient defense to the action. They could very properly be disregarded as pleas to the amended declaration, and the action of the court in so treating them is not erroneous.

Another assignment of error is, that the court erred in entering final judgment upon the default. The contention under this assignment is, that the judgment should have been upon the demurrer, and not for a default in pleading. In support of this contention the cases of Garlington vs. Priest, 13 Fla. 559; L'Engle vs. L'Engle and Hartridge, 19 Fla. 714, and Pettys vs. Marsh, 24 Fla. 44, 3 South. Rep. 577, are cited. These decisions hold that where a plea to the merits has been held bad on demurrer, and no leave is granted to amend the plea or plead anew, the judgment should be final on demurrer. In the present case defendant's demurrer to the declaration was overruled and time given to plead, but no plea was filed. The former pleas filed to the original declaration, we have seen, were not responsive or applicable to the amended declaration, and can not be considered as constituting any sufficient pleading to it. The judgment on overruling the demurrer to the declaration was *respondeat ouster,* and

the pleas filed to the original déclaration not being responsive or applicable to the declaration as amended, and the defendant failing to file any other plea, he was in default not pleading to the action, and the judgment by default entered against him was proper. The default was entered by the clerk, but the final judgment was rendered by the court in term, and, in the absence of any bill of exceptions, there is nothing sufficient to overcome the presumption that the judgment entered was proper.

The judgment of the Circuit Court should be affirmed, and it is so ordered.