JOSEPH Y. PORTER, AS THE SURVIVING PARTNER OF THE LATE FIRM OF FREDERICK P. SECLOR AND JOSEPH Y. PORTER, MERCHANTS AND TRADERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF F. P. SECLOR & CO., PLAINTIFF IN ERROR, VS. JOSEPHINE PARSLOW AND ALFRED H. PARSLOW, HER HUSBAND, DEFENDANTS IN ERROR.

1. A default for want of a plea can not be entered where the defendant has filed pleas to which a demurrer has been sustained, with no leave to plead over.

2. Where the brief for plaintiff in error contains simply a bare statement that a ruling of the lower court is erroneous, no reasons being given, no principles of law stated and no authority cited, an assignment of error based upon such ruling will be treated as abandoned for failure to argue same, unless the error complained of is so glaring or patent that no argument is needed to demonstrate it.

Writ of Error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*W. A. Carter*, for Plaintiff in Error.

The first assignment of error is that the clerk was not authorized to enter judgment by default, where the status of the pleading was that the defendant filed

a plea, and the court sustained a demurrer thereto filed by the plaintiff, and did not fix any time for the defendant to plead over, the proper thing to do was for the court to enter final judgment on the demurrer. Sec. 13 Fla. Repts. 559, also 24 Fla. Repts. 44, as both of these cases fully sustain the position of the plaintiff in error we will not further discuss this proposition.

The third assignment of error is that the final judgment entered by the clerk was without authority of law, this follows from the statement above, as if there was no proper default entered, the clerk could not enter a final judgment. The statute allows the clerk to enter final judgment only where a default has been properly entered. The fourth assignment of error is that the court erred in sustaining the demurrer filed by the plaintiff, as the plea of the defendant was good. The third plea and the fifth plea, were to the effect that the building which the plaintiff sought to charge to the parnership, were rented by one member of the firm individually, and not for the partnership, and that therefore the partnership was not liable for the said rent, and as we understand the law this was a good plea, and the court erred in sustaining a demurrer thereto. But as the court will have to remand the case, to stand upon the ruling of the court on the demurrer, it would not be of any use to discuss any of the other errors.

No appearance for Defendant in Error.

CARTER, J.:

The defendants in error brought an action of assumpsit against the firm of F. P. Seclor & Co., of which plaintiff in error is surviving partner, in the

Circuit court of Hillsborough county, on July 1st, 1889. No summons was issued to the defendants, but on September 2d, 1889, Joseph Y. Porter, one of the defendants, filed pleas to the declaration in his own behalf only. Plaintiffs filed a demurrer to these pleas, which was heard October 3d, 1889, and an order made thereon in the following words: "Demurrer sustained; defendant excepts." On April 7th, 1890, plaintiffs filed a præcipe with the clerk instructing him to enter a default against defendants for want of a plea or demurrer; and on July 6th, 1891, the clerk entered judgment by default in accordance with the præcipe. On August 31st, 1891, the clerk, upon affidavit of one of the plaintiffs purporting to prove the cause of action sued upon, entered final judgment against the defendants, and the writ of error was sued out from this judgment by the plaintiff in error as surviving partner, his co-defendant having died.

The only assignments of error argued by plaintiff in error are, that the clerk had no power to enter the default, or final judgment, under the state of the pleadings at the time of such entry. This court has held more than once that a default can not be entered for want of a plea, where the defendant has filed pleas to which a demurrer has been sustained with no leave to plead over. The default entered in this case was, therefore, erroneous. Garlington vs. Priest, 13 Fla. 559; L'Engle vs. L'Engle and Hartridge, Admrs., 19 Fla. 714; Pettys vs. Marsh, 24 Fla. 44, 3 South. Rep. 577.

The fourth assignment of error complains of the action of the court in sustaining plaintiff's demurrer to defendant's pleas. We must treat this assignment as abandoned for failure to argue same. No more is al--

leged in the brief for plaintiff in error than a bare statement that the ruling of the lower court is erroneous; no reasons being given, no principles of law stated, and no authorities cited. The error complained of is not so glaring or patent that no argument is needed to demonstrate it. Thomas vs. State, 36 Fla. 109, 18 South. Rep. 331.

The judgment is reversed.