CHARLES A. McDOUGALD, PLAINTIFF IN ERROR, v. CARRIE BASS AND SHEP C. BASS, DEFENDANTS IN ERROR.

Where a declaration containing a special count and common counts is demurred to as a whole, and any one of the counts states a cause of action, the demurrer should be overruled.

This case was decided by Division A.

Writ of Error to the Circuit Court for Lee County.

The facts in the case are stated in the opinion of the Court.

*Wilson & Wilson,* for Plaintiff in Error;

*Hilton S. Hampton* and *Robt. W. Davis,* for Defendants in Error.

WHITFIELD, J.: The plaintiff in error brought an action of assignment against the defendants in error in the circuit court for Lee county. The declaration consists of three special counts and four common counts. The first count alleges that on September 19, 1899, the defendant, Carrie Bass, who was then a *feme sole,* but who subsequently in 1900, married the defendant, Shep C. Bass, employed the plaintiff as her agent at one hundred dollars per month; that plaintiff rendered the service required till November 19, 1905, and defendants have not paid. The second count contains similar allegations and also alleges that the defendant, Carrie Bass, "being the duly appointed and qualified administratrix of the estate of Irvin Locklear

and engaged in the performance and discharge of her duties as such, did then and there employ plaintiff to take charge of and assume control of the affairs of him the said Irvin Locklear * * * and agreed to and with the plaintiff to pay him for such services thereafter to be by him performed the sum of one hundred dollars per month from the date of said contract of employment;" that said service was rendered and has not been paid for. The third count alleges that on December 9, 1899, the defendant, Carrie Bass, a *feme sole*, was by name of Carrie Locklear duly appointed and qualified as guardian of the minor children of her late husband, and then and there employed plaintiff to represent her and her said wards in the administration of the affairs pertaining to said guardianship and to look after and superintend the interest of the said Carrie Bass as such guardian and her said wards; that such service was rendered from December 9, 1899, to November 19, 1905, and has not been paid for. Damages in $10,000.00 are claimed in each of these three counts and in the common counts. The copy of the cause of action filed with the declaration is a statement of "services rendered Carrie Bass in the capacity of heir at law and as administrator of the estate of Irvin Locklear, deceased, and as guardian of Bunchie Locklear and Irvin Locklear from September 19th, 1899, to the 19th day of November, 1905, at $100.00 per month, $7,400.00."

The defendants demurred on the grounds that "the said declaration and each count thereof is vague and insufficient in its allegations; the said counts contained in the said declaration are repugnant to each other; the said plaintiff seeks to charge the defendant in different capacities, in one count as an individual, and in another count

as administratrix, and in a third count as guardian." The demurrer was sustained and the action dismissed without prejudice to the right of the plaintiff to bring separate actions. Writ of error was taken and errors are assigned as follows: (1) Sustaining the demurrer to the declaration; (2) dismissing the action.

The first special count alleges that the defendant, Carrie Bass, while a *feme sole* "employed plaintiff as her agent and representative;" the second count alleges that the defendant, Carrie Bass, while a *feme sole* "being the duly appointed and qualified administratrix" of the estate of Irvin Locklear "did then and there employ the plaintiff to take charge of and assume control of the affairs of the estate;" the third count alleges that the defendant, Carrie Bass, while a *feme sole,* was "duly appointed and qualified as guardian for the minor heirs of the late husband of the said Carrie Bass," and "then and there employed plaintiff to represent her and her said wards in the administration of the affairs pertaining to said guardianship."

These allegations in separate counts are of an employment of the plaintiff by the defendant, Carrie Bass, individually. The declaration does not seek a recovery against the defendant, Carrie Bass, in her capacity as administratrix or as guardian. The common counts allege that "the defendants" are indebted to the plaintiff. The declaration is in several counts and states a cause of action for some amount, and was not subject to the demurrer as interposed. Gulf Lumber Co. v. Walsh, 49 Fla. 175, 38 South. Rep. 831; L'Engle v. L'Engle, 19 Fla. 714; 18 Ency.

Pl. & Pr., 740 note 2; Western Union Tel. Co. v. Milton,. 53 Fla., 43 South. Rep.

The judgment is reversed and the cause is remanded for further proceedings.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.