R. F. HAYS AND OTHERS, *Plaintiffs in Error, v.* J. W. WEEKS, *Defendant in Error.*

1.  If in fact or in law only one remedy exists, and a mistaken remedy is pursued the proper remedy is not thereby waived. More than one remedy must actually exist.

2.  When a demurrer to a plea is sustained and a subsequent plea stricken, there should be judgment final upon the demurrer and not a default judgment for want of a plea.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*J. B. Johnson,* for Plaintiffs in Error;

*J. P. Lamb* and *J. F. Harrell,* for Defendant in Error.

COCKRELL, J.—Weeks recovered judgment against Hays upon a promissory note in the sum of $437.66 and against R. H. Holmes and W. F. Brannon as sureties on a forthcoming bond in the sum of $200 to which the defendants have prosecuted this writ of error.

To the declaration Hays pleaded that the plaintiffs had unsuccessfully sued in replevin upon the same cause of action. See Weeks v. Hays, 55 Fla. 370, 45 South. Rep. 987. The sustaining of a demurrer to this plea is the first assignment of error. We held heretofore that the written contract did not reserve title to or possession in the property sold in the plaintiff and therefore he could not recover in replevin, and the question now presented

is does the mistaken election between inconsistent supposed remedies where only one in fact exists, preclude the pursuing the correct one?

In the recent case of the American Process Co. v. Florida White Press Brick Co., 56 Fla. 116, 47 South. Rep. 942, we held that a party will not be permitted to enforce wholly inconsistent demands respecting the same right, and in Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 South. Rep. 435, that the recovery of a judgment, even though without satisfaction, destroyed the plaintiff's right of election; but in the former case we were careful to say: "If in fact or in law only one remedy exists, and a mistaken remedy is pursued the proper remedy is not thereby waived." More than one remedy must actually exist.

We think the rule there announced is sound and well supported by the cases there cited; the order upon the demurrer is in line with that announcement and will not be disturbed.

The defendant filed an additional plea which is admittedly a substantial repetition of the first plea and was properly stricken.

No further action by the Circuit Court itself was requested or taken. A default for want of a plea and final judgment thereon was entered by the clerk. The first plea filed to which demurrer was sustained, remained of record and it was error to enter default for want of a plea. Garlington v. Priest, 13 Fla. 559; L'Engle v. Hartridge, 19 Fla. 714; Pettys v. Marsh, 24 Fla. 44, 3 South. Rep. 577.

There are serious objections offered to the validity and form of the final judgment and as to the liability of the sureties in this summary proceeding upon the carelessly worded attachment bond. We prefer having these objections, such as may not be curable passed upon pri-

marily by the Circuit Judge; and do not now express a final opinion upon them.

The judgment is reversed.

All concur except PARKHILL, J., absent on account of illness.