THE COSMOPOLITAN FIRE INSURANCE COMPANY, A CORPORA-
TION, *Plaintiff in Error*, v. L. T. BOATWRIGHT, *Defendant
in Error:*

1. The statute law authorizing Clerks to enter defaults are
   strictly construed.

2. An order was made on 23rd February, 1909 sustaining a de-
   murrer to pleas and defendant allowed until 10th March,
   1909 to amend the pleas. The defendant did not amend its
   pleas as allowed and the Clerk entered a default on the said
   10th March for the defendant's failure so to do. On the 22nd
   March, 1909, at a regular term, without a judgment determin-
   ing the plaintiff's right to recover, the case was submitted to
   a jury to assess the plaintiff's damages, and a judgment
   entered for the plaintiff on the verdict: Held, that this prac-
   tice was not warranted by the statute law, or rules of prac-
   tice in Common Law actions.

3. The proper form of judgment in a case where the facts were,
   as stated on the foregoing headnote, is given in the opinion.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the
court.

*Frazier & Mabry,* for Plaintiff in Error;

*Hendry & McKinnon,* for Defendant in Error.

HOCKER, J.—L. T. Boatwright, the defendant in error,
brought a suit at law in the Circuit Court of Taylor
County against the plaintiff in error on a fire insurance
policy to recover damages for losses sustained in a fire.

A writ of error was sued out to a final judgment in favor

of Boatwright. On the 7th of December, 1908, the defendant corporation filed two pleas to the declaration. A demurrer to these pleas was sustained with leave to amend by the 8th February, 1909. On the last date the defendant corporation filed twenty pleas. On the 12th February, 1909, the plaintiff filed demurrers to eighteen of these pleas and a motion to strike the other two. On the 23rd February, 1909, the Circuit Judge made the following ruling:

"This cause came on for hearing upon demurrer to the pleas filed, and was argued by counsel and upon consideration thereof, it is ordered that said demurrer be sustained and defendant allowed until Mch. the 10th, 1909, in which to amend its said pleas." The motion to strike the two other pleas was granted.

On the 10th March, 1909, the plaintiff filed a praecipe for default judgment, against the defendant for failure to file amended pleas on said day. The Clerk on the same day thereupon entered the following:

"It appearing that the defendant was allowed by the court until this date in which to amend its pleas or to file amended pleas herein, and it appearing that such amended pleas have not been so filed, and it further appearing that there is no plea, demurrer or other proper pleading by the defendant on file in said cause, and the plaintiff having filed his praecipe for default against the said defendant for failure to file its amended pleas by this date. It is thereupon ordered that the defendant is in default herein for failure to file its amended pleas by this the 10th day of March, 1909.

Witness my hand and official seal this 10th day of March, 1909.

(Seal.)            John C. Calhoun, Clerk
                          Circuit Court."

The next proceeding in the case shown by the record is the following:

"On the 22nd day of March, A. D., 1909, at a regular term of the Circuit Court in and for Taylor County, the following judgment was entered."

"L. T. Boatwright,

       vs.                      Assumpsit.

Cosmopolitan Fire          Damages $1500.

Insurance Company.

This cause coming on to be further heard and a default having been properly entered, thereupon came the following jury who were duly chosen, sworn and empanelled to try said cause and assess the damages:  B. M. Johnson, W. J. Morgan, J. H. Hunter, R. R. Roberts, J. M. Wilder, J. M. Goodman.

The said jury after hearing the evidence, the argument of counsel and the charge of the court went to the room to consider of their verdict, and afterwards, to-wit, on the same day, the said jury came into open court, answered to their names and rendered the following verdict:  "We the jury find for the plaintiff and assess his damages at twelve hundred and fifty dollars with interest from the 11th day of May, 1908, and $275.00 attorneys fees.

                          W. J. Morgan,

                             Foreman."

Thereupon the plaintiff praying judgment upon consideration thereof, it is considered, ordered and adjudged that the plaintiff L. T. Boatwright do have and recover of and from the defendant, the Cosmopolitan Fire Insurance Company the sum of $1250.00, as principal and the sum of $85.44 interest, together with the further sum of $275.00 attorneys fees, and the sum of          dollars taxed by the Clerk of this court as costs by him expended in and about this suit."

On the 5th April, 1909, the defendant filed a motion to vacate the default judgment and the final judgment. First, because the Clerk had no power to enter the default judgment, and second, because defendant's counsel were taken unawares for the reason that a settlement was pending between plaintiff and defendant, and an offer had been made and accepted by the defendant, and defendant's counsel had believed and had reason to assume that plaintiff's counsel would take no steps unless said settlement failed to go through and then they would have due notice from plaintiff's counsel; and third, defendant has a good and meritorious defense which it offers to plead. Affidavits were filed showing the pendency of an attempt by the defendant to settle the case.

On May 5th, 1909, the Court denied this motion and entered the following order:

"This cause came on for hearing upon motion of defendant to vacate the default judgment entered herein and was argued pro and con and upon inspection of the record, the court finds that the order sustaining the demurrer to the pleas contained an order in pursuance to request to the court through letter to the court by counsel for defendant, allowing defendant until Mch. 10th, 1909, in which to amend. This order takes this case out from under the case of Pettys v. Marsh in 24 Fla., 44, 3 South. Rep. 577, and the case of Hays v. Weeks, 57 Fla., 73, 48 South Rep. 997, recently decided; in those cases there was no order of the court allowing further time in which to plead or to amend pleading; and upon consideration of the said motion, it is ordered that said motion be overruled.

Done this 5th day of May, 1909.

B. H. Palmer,
Judge.

One of the assignments of error is as follows:

"The court erred in entering a default judgment and a

final judgment thereon for failure of the defendant to file amended pleas after he had sustained the demurrer to defendant's amended pleas."

The statute authorizing clerks to enter defaults are strictly construed. Ropes v. Snyder Harris Bassett Co., 37 Fla. 529, 20 South. Rep. 535. The order made by the Judge on the 23rd February, 1909, sustaining the demurrer to the pleas of defendant was not a final judgment on the demurrer, but it simply sustained the demurrer and gave the defendants liberty to amend its pleas by the 10th March, 1909. The circuit judge did not authorize the clerk to enter a default for failure of defendant to amend its pleas, even granting he had authority so to do. Without any final judgment on the demurrer to the pleas, or judgment determining the right of the plaintiff to recover, the case seems to have been brought to trial before a jury at the regular term in March, 1909. We can find no authority either in the statutes or Rules of Practice as construed by this court for such a proceeding, as this is not a case of a default for want of an appearance, nor for failure to plead, for over twenty pleas had been filed; nor of *nil dicit*, all of which are in the nature of confessions of the plaintiff's right to recover. Here the defendant in a large number of pleas resists the plaintiff's right of recovery.

The statute chapter 1422, General Statutes of 1906, permits the clerks to enter defaults upon Rule days for failure to file demurrers or pleas on these days, or to enter defaults when upon motion the time to file pleas or demurrers has by the order of the court been extended, and no plea or demurrers has been filed. Sec. 1418 General Statutes of 1906. There was no failure to plead in this case on the Rule day, nor was there an order extending that time. The order was a permission to amend the pleas already on file, nor do Rules 29 or 32 of the Rules of

the Circuit Courts in common law actions apply to a case like the present.

In the case of Garlington v. Priest, 13 Fla. 559, the proper practice to be pursued when a demurrer to a plea is sustained is clearly decided.  The order sustaining the demurrer is not a final judgment, or to speak more correctly, it is not an order adjudging and determining the right of the plaintiff to recover.  At the common law, the order sustaining a demurrer to a plea, other than a plea in abatement, is said to be a final judgment, or an interlocutory order preceding the final judgment.  For instance, when the case of the plaintiff is such that the court can enter judgment without the intervention of a jury to assess damages, it is quod recuperet—that the plaintiff recover.  If it be a case where a jury is necessary, the judgment is that "the *plaintiff ought to recover his damages,* followed by a writ of inquiry or order for a jury to assess the damages, and when they have been assessed, then the final judgment is entered in a complete form.  In all such cases there should be a judicial decision in favor of the plaintiff's right to recover, and this decision or sentence is essential to a final judgment at Common Law.  Stephen on Pleading (Tyler) pp. 132, 133, 134.

The fact that the order of the court permitted the defendant to amend its pleas by the 10th of March, does not in our opinion do away with the necessity for a final judgment on the demurrer, for no amended pleas were filed.  After the 10th March, so far as the defendant was concerned, the record stood just as it did when the demurrer to the pleas was sustained.  The clerk had no authority to enter a default, and no default for failure to file amended pleas accompanied by a judgment on the demurrer was entered by the Judge, or by his order.

When the jury was empanelled, the issues of law had not been determined in favor of the plaintiff.  This, we

think was an erroneous practice. We think that the following, or one substantially like it, would have been a proper form of judgment in this case:

"This day came the plaintiff, by his attorney, and moves the court for judgment, and it appearing to the court that the defendant has failed to amend his pleas as authorized by the former order of this court, sustaining the demurrers to the pleas, on motion of plaintiff's attorney, the default of the said defendant is taken, and the same is hereby entered of record for want of compliance with said order.

*Wherefore the plaintiff ought to have and recover of and from the defendant his damages sustained herein by reason of the premises.* Thereupon reference is had to a jury to assess the plaintiff's damages herein. Whereupon afterwards come the jurors, good and lawful men (naming them) who being duly elected, tried and sworn, well and truly to assess the plaintiff's damages herein and a true verdict render according to the evidence, after hearing all the evidence adduced say: We the jury assess the plaintiff's damages at the sum of ....... Thereupon, it is considered by the court that the plaintiff do have and recover of and from the defendant &c. (filling out the judgment according to the facts.)   See Best on Common Law Orders pp. 174, 175, 176, 177.

We have given this form in order that there may be no mistake in the practice clearly laid down in Garlington v. Priest, *supra,* and followed in a number of cases since that case was·decided, viz.: L'Engle v. L'Engle, 19 Fla. 714; Pittys v. Marsh, 24 Fla. 44, 3 South. Rep. 577; Porter v. Parslow, 39 Fla. 50, 21 South. Rep. 574; Jordan v. John Ryan Co., 35 Fla. 259, 17 South. Rep. 73; Hays v. Weeks, 57 Fla. 73, 48 South. Rep. 997.

There are two assignments of error based on the actions of the judge in sustaining the demurrers to the pleas.

There are about twenty of these pleas, and they are grouped in the assignments. For these reasons and because of the indeterminate character of the arguments presented in the briefs, and the lack of citations of the authorities, we do not feel called upon to go into an investigation of these pleas. If this case should come to this court again it may be that the pleas relied on by the defendant will be specifically pointed out by the assignments, and authorities brought forward in their support.

The only other assignment, it is under the circumstances unnecessary to notice.

For the error already pointed out the judgment of the court below is reversed and the case remanded for further proceedings.

All concur, except TAYLOR, J., absent on account of illness.