### 4964.   ORR SHOE CO. *v.* UPSHAW & POWLEDGE.

HILL, C. J.  1. The fact that claim for the unpaid price of goods sold on credit is proved and allowed in bankruptcy is no bar to a subsequent action by the creditor against the debtor to recover the balance due for the goods, where it is alleged that they were obtained by false representations made by the debtor to induce the sale. Friend *v.* Talcott, 228 U. S. 27 (33 Sup. Ct. 505, 30 Am. Bkr. R. 31).

2. A discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses, or false representations. *Atlanta Skirt Mfg. Co.* v. *Jacobs,* 8 *Ga. App.* 299 (68 S. E. 1077).

3. This was a suit upon an account, to which the defendants pleaded a discharge in bankruptcy. It was conceded that the plaintiff had proved its debt in a court of bankruptcy and received a dividend in the bankruptcy proceedings. The plaintiff offered evidence to prove that credit was extended to the defendants because of certain false representations made to it by the defendants at the time of the sale. *Held,* that the trial judge erred: (1) in excluding this testimony; (2) in holding that the plaintiff, "having chosen to enter the bankrupt court and take its place with other creditors, and having received a dividend, waived any fraud in the purchase of these goods, and stood on the contract, and thus made the debt one provable in the bankrupt court, against which the discharge in bankruptcy is a complete bar;" and in directing a verdict for the defendants accordingly.                    *Judgment reversed.*

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Atlanta—Judge Reid.   April 30, 1913.

*Hendrix & Silverman, Mayson & Johnson,* for plaintiffs.
*Smith, Hammond & Smith,* for defendants.