ANDERSON T. HERD, W. & S. JOB & COMPANY, INC., D. C. SHIPPING CORPORATION AND JOB SHIPPING CORPORATION, *Plaintiffs in Error*, v. WILLIAM P. MALONEY, *Defendant in Error*.

Division B.

Opinion Filed October 21, 1926.

1. A discharge in bankruptcy releases the bankrupt from all his provable debts except such as are due for Federal, State, District or Municipal taxes, and for any liability for obtaining property by false pretense or false representations or for willful and malicious injury to the person or property of another.

2. In a common law action the entry of a final judgment on default for failure to plead further instead of on demurrer is purely an error of procedure which is cured by the harmless error statute (Section 2812 R. G. S. of Florida), it not appearing that a miscarriage of justice has resulted and it is being shown that there was a judicial determination of the right to recover.

A Writ of Error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Affirmed.

*Blackwell* and *Donnell,* for Plaintiffs in Error.

*Bussey* and *Johnston,* for Defendant in Error.

TERRELL, J.—The predicate for the declaration in this cause was a final judgment secured in the State of New York. To this declaration there was a plea of discharge in bankruptcy and to that plea there was a demurrer raising the question that the judgment sued on was for a claim expressly excepted from the effect of a discharge in bankruptcy. The court sustained the demurrer to the plea and allowed defendant ten days to plead over. At the expiration of the ten days the court on plaintiff's motion entered a default against defendant for failure to plead and thereupon entered final judgment for the plaintiff. Appeal is taken from the order sustaining the demurrer to the plea and from the order entering final judgment for the plaintiff.

The first question presented here is whether or not the New York judgment was for a claim expressly excepted from the effect of a discharge in bankruptcy.

Section seventeen of the National Bankruptcy Act as amended by the Act of February 5th, 1903, among other

things provides, that a discharge in bankruptcy shall release the bankrupt from all his provable debts except such as are due for Federal, State, District or Municipal taxes, and for any liability for obtaining property by false pretense or false representations for willful and malicious injury to the person or property of another.

A transcript of the record of the judgment secured in New York is made a part of the record here and an examination of the New York record seems to us to conclusively foreclose this question against the contention of plaintiff in error and to disclose that it was for a claim expressly excepted from the effect of a discharge in bankruptcy. Moody v. Muscogee Mfg. Co., 134 Ga. 721, 68, S. E. Rep. 604, 20 Ann. Cas. 301; Ziegler v. Suggit, 118 Minn. 74, 136 N. W. Rep. 411, Murrow v. Pfleiderer, 4 Ohio App. 283; J. K. Orr Shoe Co. v. Upshaw, 13 Ga. App. 501, 79 S. E. Rep. 362; Lee v. Tarplin, 194 Mass. 47, 79 N. E. Rep. 786; Forsyth v. Vwhmeyer, 177 U. S. 177, 20 Sup. Ct. Rep. 623.

The only additional question presented for our consideration is whether or not the court erred in entering final judgment by default for failure to plead further.

It is contended by plaintiff in error that the proper judgment to have been entered was a final judgment on demurrer and that consequently the entry of such final judgment on default for failure to plead further was reversible error. The Florida decision prior to the enactment of what is commonly known as the harmless error statute (Sec. 2812 Rev. Gen. Stats.) in 1911, fully support the contention of plaintiff in error. Garlington v. Priest, 13 Fla. 559; L'Engle v. L'Engle, 19 Fla. 714; Pettys v. Marsh, 24 Fla. 44, 3 South. Rep. 577; Hays v. Weeks, 57 Fla. 73, 48 South Rep. 997; Cosmopolitan Fire Ins. Co. v. Boatwright, 59 Fla. 232, 51 South. Rep. 540.

Section 2812 Revised General Statutes, 1920, in effect

provides that no judgment shall be set aside or reversed or new trial granted by any court in this State for misdirection of the jury, the improper admission or direction of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.

In proceedings of this kind this court recommends the practice prescribed in Cosmopolitan Fire Ins. Co. v. Boatwright, *supra*; but the error here complained of is purely one of procedure, it is not made to appear that it has resulted in a miscarriage of justice, and it clearly appears from the final judgment entered that there was a judicial determination of the right of the plaintiff to recover. It is therefore covered by the harmless error statute (Sec. 2812, *supra*), so the judgment below is affirmed. Wright v. Nesmith, 86 Fla. 544, 98 South. Rep. 584, Robinson v. State, 70 Fla. 628, 70 South, Rep. 595.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur;

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.