WILLIAM D. GUNNING, PLAINTIFF IN ERROR, vs. WILLIAM HERON, DEFENDANT IN ERROR.

1. Where there is an issuable plea of new matter, though inartificially drawn and the plaintiff, who is at the time in default in pleading, goes to trial in the absence of the defendant without joining

issue on the plea, the judgment may be reversed on writ of error.

2. Where judgment may be reversed the cause may be remanded at the suggestion of the plaintiff in error, with leave to the defendant in error, who is plaintiff below, to enter a *remittitur*, and in default thereof the judgment to be set aside and new trial granted.

Writ of Error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*E. M. Randall* for Plaintiff in Error.

Heron sued Gunning in assumpsit. Declaration on common counts with bill of particulars amended.

Pleas—Never was indebted; and denial of contract as to specific items in the bill of particulars; the services were gratuitous; and payment of everything but $92.43 mentioned in bill.

To these pleas there is no replication, no demurrer, and pleas not struck off.

The cause not being at issue plaintiff, without notice, called a jury and took judgment. The allegations in the pleas not being controverted by plaintiff, defendant was entitled to the benefit of his pleas, and instead of a judgment for $535.88 plaintiff was entitled to only $92.43.

Upon the point that it is error to proceed to a trial or inquest before issue joined upon pleas, we cite: Miller vs. Hoc, 1 Fla., 189; McKinnon vs. McCollum, 6 Fla., 376; Benbow vs. Marquis, 17 Fla., 441; Huling vs. Fla. Savings Bank, 19 *Id.*, 695; Livingston vs. L'Engle, 22 Fla., MSS., June Term, 1886; Asia vs. Hess, 22 *Id.*, MSS., June Term, 1886.

If pleas are inartificially drawn, still (if they are not on their face sham pleas) the plaintiff should have replied, de-

murred or moved to strike off. While they remain and are not replied to, plaintiff is not entitled to inquest or judgment.

- Defendant was not present because he knew there was no issue joined, and no trial could properly be had.

In this case, as the pleadings stand, the judgment should be reversed and set aside, with costs, and this court may enter judgment for plaintiff below for $92.43.

No counsel appearing for the Defendant in Error.

Judge JOHN F. WHITE, of the Third Judicial Circuit, sat in the place of Mr. Justice MITCHELL, disqualified.

RANEY, C. J.: Heron has sued Gunning, the declaration being in the common counts. The third plea is intended as one of payment to the entire cause of action, except the sum of $92.43, and though, at least, inartificially drawn in that it pleads the receipts or evidences of payment with the denial of the indebtedness, instead of the fact of payment, it cannot be regarded as frivolous. Though a receipt may be shown to have been given through mistake, or to be, for other reasons, of no effect as to the creditor or the claim he asserts, yet a genuine receipt is *prima facie* evidence of the settlement of the claim covered by it. This plea being evidently intended as one of payment, and consequently one of new matter, the plaintiff, if he proposed to treat it as issuable, should under the practice in this State, have replied to it before going to trial, as he did when he was in default in pleading and in the absence of the defendant, and as if he had joined issue on the pleas. Benbow vs. Marquis, 17 Fla., 441; McKinnon vs. McCollom, 6 Fla., 376; Livingston vs. L'Engle, 22 Fla., 427.

It is suggested in the brief of plaintiff in error that judgment may be entered in this court in favor of defendant in

error for the sum of $92.43. If the plaintiff Heron desires he may, in view of the suggestion stated, enter a *remittitur* of the amount of the judgment over and above the sum of $92.43, within thirty days after the filing of the mandate in the clerk's office of the Circuit Court of Orange county, and upon the same being so entered there the judgment of that court will stand for said sum of $92.43 and costs, as of the date of the entry of said judgment, to be enforced according to law, but in default of his filing said *remittitur*, the judgment and verdict will be held to be set aside, and the case will stand in that court for further proceedings consistent with this opinion and conformable to law.