CHARLES E. THOMAS *et al., Plaintiffs in Error,* v. LOUIS J. NATHAN, *et al., Defendants in Error.*

ON REHEARING.

Opinion Filed April 27, 1913.

1. Where there is in fact a default, the omission to make an entry thereof may be a merely technical and harmless error.

2. Where there is a default in fact and it does not affirmatively appear that a default judgment was not entered, and it may be inferred from the record that such an entry was made but was not included in the transcript on writ of error, the final judgment will not be reversed because no default judgment is in the transcript of the record.

3. A party in default may make a motion for a new trial in a cause in due course if the proceedings justify it.

Rehearing Denied.

Writ of error to the Circuit Court for Duval County.

*Gibbons, Maxwell, McGarry & Daniel,* for Plaintiffs in Error;

*Cockrell & Cockrell,* for Defendants in Error.

PER CURIAM.—A petition for rehearing suggests that the court did not consider the first three assignments of error; that the court failed to note that neither Thomas nor Perry appeared in the trial court and that variances as to them could not have been set up in a motion for new trial; "that the judgment as against Perry and Thomas was by default" and variances as to them should be considered without motion for new trial or motion in arrest of judgment; and that "there can be no motion for new trial by defendants against whom judgment is rendered by default."

The first assignment of error is that "there was no judgment by default ever made and entered against the defendants, Charles E. Thomas and E. A. Perry, upon which to base the final judgment." It does not affirmatively appear by the record that no judgment by default was entered, and the failure to note of record a default in fact, is "a merely technical and harmless error." 6 Ency. Pl. & Pr. 56. In the directions given by counsel under the rules for making the transcript of the record brought here on writ of error, the judgment by default is not among the enumerated papers to be included in the transcript, and counsel directed the clerk to "omit all other papers, pleadings, orders and judgments." There is nothing here to show that a default entry was not in fact made and omitted from the transcript under the directions given to the clerk. The assignments of error and the petition for rehearing clearly show "that the judgment against Perry and Thomas was by default."

The second and third assignments of error relate to asserted variance between the allegations and proofs. If there is anything in the proceedings on which to base a motion for new trial the defaulting defendants could

have had a motion for new trial, even though they were in default. If there is nothing on which to base a motion for new trial the defaulting defendants cannot justly complain. In Baker & Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 South. Rep. 836, it was held that the "judgment must follow the verdict and conform to the pleadings."

Rehearing denied.

All concur, except COCKRELL, J., who takes no part.