W. I. HUFFSTETLER, *Plaintiff in Error*, v. OUR HOME LIFE INSURANCE COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed April 7, 1914.

Rehearing Denied May 12, 1914.

1. In passing upon an assignment based upon a ruling sustaining a demurrer to a plea, an appellate court will restrict its investigation to the grounds stated in the demurrer, unless the plea is so faulty as to constitute no defense to the action.

2. Whenever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the ultimate facts constituting the particular fraud relied upon should be stated with certainty and distinctness, else such pleading, upon proper attack, will be held bad. The sufficiency of pleas setting up fraud as a defense is properly raised by demurrer.

3. To constitute fraud, a representation must be of a specific material fact that is untrue and known to be so, and stated for the purpose of inducing another to act, upon which statement the other relies in acting to his injury.

4. Averments in pleas of mere opinions and promises and of indefinite matters are not sufficient to show fraud.

5. In averring false representations, ultimate material facts, not opinions or promises, directly affecting the transaction should be clearly and distinctly stated showing the specific representations made and relied on, the falsity of the representations, and the resulting injury to the party to whom they were made from acting thereon.

6. Where there is in fact a default, the omission to make an entry thereof may be a merely technical and harmless error.

Writ of Error to Circuit Court for Dade County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*Atkinson, Gramling & Burdine*, for Plaintiff in Error;

*Hudson & Boggs*, for Defendant in Error.

SHACKLEFORD, C. J.—Our Home Life Insurance Company, a corporation, instituted an action at law against W. I. Huffstetler, which resulted in a judgment in favor of the plaintiff. The declaration contains three counts, but it becomes unnecessary to copy any of them, since the recovery was had only on the first count, which is upon a promissory note and is in the statutory form. To this count the defendant filed two pleas, which are as follows:

"1. That for a plea to the first count in the said de-

claration defendant says, that plaintiff by and through its agent by fraudulent representations and with the intention of defrauding and harming this defendant, induced defendant to purchase fifty shares of the capital stock of Our Home Life Insurance Company, at a price of Twenty Dollars ($20.00) per share, and the plaintiff then and there through its said agent, who was duly authorized, warranted to the defendant that the stock was then of the value of Twenty Dollars ($20.00) per share, and further warranted that the stock would advance in price to such an extent that it would be worth on the market twenty per cent. (20%) more in thirty days than the price of Twenty Dollars ($20.00), which the defendant was paying for the same, and that its actual market value would increase twenty per cent. (20%) within thirty days, and that thereupon, this defendant, upon the sole consideration of said warranty and relying thereon, and being induced solely by the said warranty, then and there subscribed for fifty shares (50) of the said stock at Twenty Dollars ($20.00) per share, and then and there executed a personal note payable to the agent of the plaintiff for the sum of Two Hundred and Fifty Dollars ($250.00) as a parcel of the purchase price, and made and delivered to the plaintiff the promissory note for Seven Hundred and Fifty Dollars ($750.00) which is described in said count of said declaration for the payment of the residue thereof. That at the time of the execution of said note and the time that defendant purchased the stock, the said stock was not of the value of Twenty Dollars ($20.00) and that notwithstanding the plaintiff's warrantys, that the market value of the stock would increase as above set out, the same has decreased in value to such an extent, so that the same is not worth and is not of the market value that it was at the

time defendant subscribed to the same and executed the note for the payment thereof. This defendant is not advised of the exact value of the said stock at this time, but he avers that it is practically valueless and that it is practically impossible to sell same at any price. That this defendant would not have purchased the said stock, nor would he have executed his note in payment thereof, had not the plaintiff warranted to him that the value of the stock would be twenty per cent (20) greater within thirty days. That the said stock is of little or no value at this time, and cannot be sold for a price to exceed Eight Dollars ($8.00) per share.

Wherefore, this defendant says that for reason of the failure of the plaintiff's warranty, and for the false and fraudulent representations as to the value of the stock, that he is relieved from any liability on the aforesaid note and prays that he may be hence dismissed with his own proper costs in this behalf most wrongfully sustained.

2.   And for a second plea to said count defendant says: That he executed the note sued on in the said count as part payment for fifty shares (50) of the capital stock of plaintiff corporation, that he was induced to purchase said stock and to give his note as part payment thereof, solely by certain false and fraudulent representations and warrantys, made by said plaintiff by and through their authorized agent, said representations and warranty being that the stock would increase in value twenty per cent (20) within thirty days, that the said plaintiff by and through its agent warranted to defendants that the said stock would increase in value twenty per cent (20) within thirty days, and that this warranty and representations was the sole consideration moving defendant to purchase stock, and execute his note in part

payment thereof, and had not the plaintiff, by its agent, made such warrantys and representations, defendant would not have purchased the stock or executed his note therefor, that such warrantys and representations were false and have failed, and that the said stock has not increased in value and did not increase in value in thirty days, but on the other hand, decreased in value to such an extent that the same is now practically valueless, and could not be sold for more than Eight Dollars ($8.00) per share, if for that much, that this defendant is willing to pay on said stock the sum of Eight Dollars ($8.00) per share of Four Hundred Dollars ($400.00), in all, of which amount he has already paid Two Hundred and Fifty Dollars ($250.00) and he is now willing to pay the balance and will pay the same upon the stock certificates being produced and delivered to him."

To these pleas the plaintiff interposed a demurrer, which contained the following "substantial matters of law intended to be argued" in support thereof:

"Breach of warranty and fraud cannot be predicated upon an expression of opinion as to values of stock, present or future.

2. Oral understandings in regard to stock subscriptions cannot be introduced to vary written instrument."

This demurrer was sustained and upon this ruling the defendant bases his main contention for a reversal of the judgment.

It may well be true that "the substantial matters of law intended to be argued," which the statute requires to be stated in the demurrer, are not very aptly set forth. As we said in Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950, "In considering the assign-

ments based upon the sustaining of the demurrer to the pleas, as we have frequently held, our investigation will be restricted to the grounds stated in the demurrer, unless such pleas are so faulty as to constitute no defense." As we have also frequently held, "Whenever fraud is relied upon in any pleading, either at law or in equity, the allegations or averments should be specific and the ultimate facts constituting the particular fraud relied upon should be stated with certainty and distinctness, else such pleading, upon proper attack, will be held bad. The sufficiency of pleas setting up fraud as a defense is properly raised by demurrer." Florida Life Insurance Co. v. Dillon, 63 Fla. 140, 58 South. Rep. 643. See also Mutual Loan & Building Association v. Prince, 19 Fla. 127; Langston v. National Chine Co., 57 Fla. 92, 49 South. Rep. 155; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950; Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684. In Allen v. United Zinc Co., 64 Fla. 171, 60 South. Rep. 182, we held: "To constitute fraud, a misrepresentation must be of a specific material fact that is untrue and known to be so, and stated for the purpose of inducing another to act, upon which statement the other relies in acting to his injury." We further held therein, "Averments in pleas of mere opinions and promises and of indefinite matters are not sufficient to show fraud." In Riverside Investment Co. v. Gibson, 67 Fla.——, 64 South. Rep. 439, we said: "In alleging false misrepresentations, ultimate material facts, not opinions or promises, directly affecting the transaction should be clearly and distinctly stated showing the specific representations made and relied on, the falsity of the representations, and the resulting injury to the complaining party." Tested by the principle announced in the cited cases, we are of the opinion that

the two pleas are so faulty as to constitute no defense to the action and that the demurrer interposed thereto was properly sustained. As to the warranty concerning the shares of stock which the pleas undertake to set up, we would refer to the discussion in 35 Cyc. 376.

Upon sustaining the demurrer to the pleas, the trial court allowed the defendant until a specified day in which to plead further. The defendant failed to file any further pleas and the plaintiff filed a praecipe for a default. No default was actually entered by the clerk upon this praecipe. At a later date the plaintiff filed a motion for a default *nil dicit* against the defendant, which would seem not to have been acted upon until the trial of the cause, but the final judgment recites that a default is entered against the defendant because of his failure to plead over. That the plaintiff was legally entitled to such default there can be no question. As we held in Thomas v. Nathan, 65 Fla. 391, 62 South. Rep. 206, "Where there is in fact a default, the omission to make an entry thereof may be a merely technical and harmless error." The assignments based upon the action of the court in empaneling a jury and submitting the cause for the assessment of damages prior to the actual entry of the default are without merit.

Judgment affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.