E. R. WRIGHT, *Plaintiff in Error*, v. JOHN F. NESMITH, *Defendant in Error.*

Opinion Filed December 17, 1923.

1. In Cosmopolitan Fire Ins. Co. v. Boatwright, 59 Fla. 232, 51 South. Rep. 540, the better practice is followed in determining the issues of law and the right of the plaintiff to recover in common law actions. We commend the rule as therein stated for the guidance of practitioners in this State.

2. Where a just or substantially just verdict is reached the cause will not be reversed for errors in procedure.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Okeechobee County; E. C. Davis, Judge.

Judgment affirmed.

*George. F. Parker*, for Plaintiff in Error;

*H. J. Dame*, for Defendant in Error.

TERRELL, J.—John F. Nesmith sued E. R. Wright to recover the balance due on the following promissory note:

"$500.00.          Okeechobee, Fla., November 21, 1916.

"Twelve months after date we promise to pay to the order of John F. Nesmith, Five Hundred and no/100 Dollars, for value received, payable at Okeechobee, Florida, with interest from date at the rate of 6 per cent. per annum until paid, interest payable semi-annually.

"And each of us, whether maker, guarantor, or endorser, hereby severally waives and renounces any and all homestead or exemption rights he may have under the Constitution or Laws of the State of Florida or any other State or United States as against this note, and each further waives demand, notice of non-payment and protest, and in event suit is brought for the collection of this note, agrees to pay all costs of collection, including attorney's fees, and consents that this note may be extended without notice. Given as a joint and several obligation.

E. R. Wright,     (Seal)
(Sgd) Ellen Wright,     (Seal).

No. .... Due November 21, 1917.

(And endorsed as follows):

12   8   17, Credited by cash $300.00.

Note extended to April 1st, 1918."

A demurrer to the declaration was overruled and defendant required to plead by the 25th day of November, 1922. In compliance with said order, the following plea was entered:

"Now comes the defendant E. R. Wright, and for plea to the declaration of the plaintiff herein filed, pleads to the said Declaration, and says:

"That he never promised as alleged in the said declaration, and puts himself on the country.

"E. R. WRIGHT, Defendant."

On motion to strike the foregoing plea and default judgment, the court entered the following order:

"This cause came on to be heard on motion of plaintiff to strike the plea filed herein and for a default judgment against defendant, and due notice of such hearing being given and after argument of counsel for both plaintiff and defendant, and the court being advised in the premises, it is therefore ordered and adjudged that plaintiff's motion be and the same is hereby granted, and that the plea of defendant filed herein is stricken, and a default judgment granted against the defendant, and the Clerk of this court is hereby directed to enter a default judgment against the defendant herein and in favor of the plaintiff, for the failure of the defendant to file a proper and valid plea as directed by the court in its order of November 17th, 1922, and that said default judgment be entered *nunc pro tunc* as of December 4th, 1922, the same being rule day in December.

"Done and ordered in open Court, at Okeechobee, Florida, on this the 12th day of December, A. D. 1922.

"E. C. DAVIS, Judge."

On December 12th, 1922, motion to amend the stricken plea was denied and on December 13th, 1922, the clerk entered default judgment in favor of the plaintiff.

Motion to set aside and vacate the default judgment was denied December 14, 1922, and on same date final judgment was entered as follows:

"FINAL JUDGMENT.

"This cause came on to be heard upon final hearing before a jury on this the 14th day of December, A. D. 1922, and the jury having been empaneled and sworn herein to try the issues, and having heard the evidence submitted by the plaintiff, the defendant being represented in court by his attorney, Geo. F. Parker, but submitting no evidence,

and after argument, and being charged by the court, after deliberations returned a verdict which was received in open court and recorded as follows:

"We, the jury, find for the plaintiff and assess his damages at Three Hundred and Fifty Dollars.

"Thereupon it is considered and ordered by the court that judgment is hereby rendered against the said E. R. Wright, defendant, and in favor of John F. Nesmith, the plaintiff, and that the plaintiff recover of the defendant, E. R. Wright, the sum of Three Hundred and Fifty Dollars and no cents for damages besides costs now here taxed at.........Dollars and.........cents, and that plaintiff herein have execution therefor.

"Done and ordered in open Court, at the Court House in Okeechobee, Okeechobee County, Florida, this the 14th day of December, A. D. 1922.

"E. C. DAVIS, Judge."

Defendant Wright took writ of error from this final judgment.

The record seems to indicate that at the time defendant moved to amend his plea which was stricken by order of the court dated December 12th, 1922, he submitted along with said motion an amended plea, but the amended plea is not embraced within the record and it not being made to appear that the court abused his discretion there is no assumption for this court to indulge except that the order was correct.

The final judgment also indicates that a jury was empanelled and "having heard the evidence submitted by the plaintiff, the defendant being represented in court by his attorney, Geo. F. Parker, but submitted no evidence," found a verdict for the plaintiff in the sum of $350.00. The declaration sued on shows that the note was originally executed November 21st, 1916, for $500.00, with interest

at the rate of six per cent. per annum payable semi-annually; that on December 8th, 1917, $300.00 was paid on the principal of said note and time of payment extended to April 1st, 1918.

The note further shows that the maker, plaintiff in error here, agreed ''to pay all costs of collection, including attorney's fees.'' There is an inference that the verdict embraced damages and attorney's fees, but the bill of exceptions contains no evidence in support of the verdict and under the terms of the declaration, the verdict should have been for the amount of the principal with interest due thereon December 14th, 1922, the date the verdict was returned including a reasonable attorney's fee.

We think it proper to state that the record nowhere discloses that at the time the jury was empanelled, the issues of law and the right of the plaintiff to recover had been determined in his favor. The order of the court below overruling defendant's demurrer and striking his plea was not such a determination which seems to be a prerequisite to final judgment in common law actions in this State. In Cosmopolitan Fire Ins. Co. v. Boatwright, 59 Fla. 232, 51 South. Rep. 540, the proper practice in instances like this is well stated and we cannot do better than urge conformity to the rule as therein outlined.

The amount of principal and interest due on said note December 14, 1922, including a reasonable attorney's fee is substantially in accord with the verdict and judgment below. Such error as was made in procedure is, therefore, harmless, and the judgment of the Circuit Court is hereby affirmed.

WHITFIELD, P. J., concurs.

WEST, J., concurs especially.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

WEST, J., concurring.

To a declaration in the usual form on a promissory note there was a demurrer which was overruled. Defendant thereupon filed a plea of never promised as alleged, which was upon motion promptly and properly stricken because inapplicable. Forbes v. Fort Lauderdale Merc. Co., 83 Fla. 66, 90 South. Rep. 821. Defendant was allowed until the next succeeding rule day to further plead. From recitals in the record it appears that a plea, or something in the nature of a plea, was filed, but upon motion this plea was also stricken and the clerk was directed by order of the court to do so, and did enter *nunc pro tunc* as of the rule day on which defendant was required to plead a judgment by default against him. This plea is not contained in the record. In its absence it must be assumed that it was considered by the court as inapplicable or as frivolous, or for other reason fatally defective as a plea to the action, else it would not have been stricken and default judgment directed to be entered as of the rule day on which the plea was filed. It can not be said, the plea not being contained in the record, that the order striking it was error. Presumably the order is free from error.

The amount of the note, principal and interest, to the date upon which the verdict was returned and judgment entered, after allowing credit for the payment made as alleged, is $338.92. The maker obligated himself to pay all costs of collection, including attorney fees. The plaintiff claimed and alleged in his declaration that an attorney fee of $50 would be reasonable. The verdict for $350 awards

him less than one-fourth of this amount, less than 5 per ·cent. of the amount recovered as attorney fees.

There is nothing to indicate that the bill of exceptions contains all the evidence introduced at the trial. It must therefore be treated as not embracing all the evidence. Special Rule 1, Rules of Circuit Courts—Law Actions. The presumption therefore is that there was evidence before the jury to support the verdict. Dibble v. Truluck, 11 Fla. 135; Frisbee v. Timanus, 12 Fla. 537. At any rate, in the absence of an affirmative showing that all the evidence is contained in the bill of exceptions, this court can not say that the verdict is not supported by the evidence.

When the last plea of defendant was ordered stricken, which was in term time, the court directed the clerk to enter default judgment, *nunc pro tunc* as of the rule day on which defendant was required to plead, which was done. If the plea filed was so defective as to amount to no defense, as it must have been since the court ordered it stricken, the clerk might properly have entered a default judgment on rule day because of defendant's failure to plead. Register v. Pringle Bros., 58 Fla. 355, 50 South. Rep. 584; Dudley & Co. v. White, 44 Fla. 264, 31 South. Rep. 830; Trower v. Bernard, 37 Fla. 226, 20 South. Rep. 241. The court's order, therefore, directed that to be done which could have been done by the clerk without the order. During the term at which this order was made the trial judge denied a motion of defendant to set aside the default judgment, which the order recites had been previously entered. Thereupon the cause was submitted to a jury for the assessment of plaintiff's damages, and upon the verdict returned judgment was entered in plaintiff's favor.

This case is differentiated from Cosmopolitan Fire Ins. Co. v. Boatwright, 59 Fla. 232, 51 South. Rep. 540, in that there the judgment by default against defendant was en-

tered by the clerk on a day other than a rule day and not in term time, while here, before proceeding to trial, the court, during the term, directed a judgment by default to be entered against the defendant, which was done. The doctrine of that case is inapplicable and should not be extended to a case of this kind. Besides, if the procedure adopted by the trial court in this case was technically erroneous, which I do not concede, it is not ground for reversal of the judgment.

In Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65 South. Rep. 1, this court said: "Upon sustaining the demurrer to the pleas, the trial court allowed the defendant until a specified day in which to plead further. The defendant failed to file any further pleas and the plaintiff filed a preacipe for a default. No default was actually entered by the clerk upon this preacipe. At a later date the plaintiff filed a motion for a default *nil dicit* against the defendant, which would seem not to have been acted upon until the trial of the cause, but the final judgment recites that a default is entered against the defendant because of his failure to plead over. That the plaintiff was legally entitled to such default there can be no question. As we held in Thomas v. Nathan, 65 Fla. 391, 62 South. Rep. 206, 'Where there is in fact a default, the omission to make an entry thereof may be a merely technical and harmless error.' The assignments based upon the action of the court in empaneling a jury and submitting the cause for the assessment of damages prior to the actual entry of the default are without merit."

This seems to me to be conclusive. If it were not sufficient, the harmless error statute (§2812, Rev. Gen. Stats.) enacted since the decision in Cosmopolitan Fire Ins. Co. v. Boatwright, *supra*, forbids the reversal of a judgment "for error as to any matter of pleading or procedure" unless the

court shall be of the opinion, after an examination of the entire case, that the error complained of has resulted in a miscarriage of justice. It is patent that no miscarriage of justice resulted from "the error complained of" here.

For the reasons stated herein I concur in the affirmance of the judgment.