RELIANCE LIFE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error,* v. ETHEL Y. GRAY, *Defendant in Error.*

## Division B.

## Opinion Filed January 24, 1925.

1.  Where no motion is made for compulsory amendment of a declaration for lack of sufficient fulness of detail in allegations, and the declaration states a cause of action, a demurrer thereto is properly overruled.

2.  A single assignment of error that the court erred in sustaining the demurrer to the defendant's plea is unavailing when at least some of the pleas are defective.

3.  Where amended pleas are subject to the same criticism made of the original pleas and the amended pleas are little more than repetitions of the original pleas, no harm to the defendant results from sustaining a motion to strike the pleas rather than sustaining a demurrer that was interposed to the amended pleas.

4.  In sustaining a demurrer to amended pleas, it is not harmful error to order that the plaintiff "take judgment by default," instead of ordering that the plaintiff do recover the amount to be duly ascertained.

A Writ of Error to the Circuit Court for Hillsborough County; L. L. Parks, Judge.

*H. C. Gordon* and *Sparkman & Knight,* for Plaintiff in Error;

*Shackleford & Shackleford* and *John B. Suttom,* for Defendant in Error.

WHITFIELD, P. J.—In an action upon life and accident insurance policies the amended declaration in the first count contained allegations that the defendant company insured the plaintiff's intestate "against certain accidental injuries," stating them, "and in consideration of the sum of Fifteen ($15.00) Dollars premiums paid by said insured the said defendant did thereby insure the said Richard B. Gray for the period therein specified, to-wit, for the period of twelve months beginning at noon, standard time, on the 21st day of October, A. D. 1919, and in consideration of said premium insured said Richard B. Gray *annually* thereafter, and in and by said policy did promise and agree that in the event of loss of life of said Richard B. Gray during the term of said policy said loss resulting independently of any and all other causes, and directly from bodily injury effected solely through external violent and accidental means subject to the provisions and limitations in said policy set forth to pay the sum of Five Thousand ($5,-000.00) Dollars to Ethel Y. Gray, wife of the said Richard B. Gray, if surviving; that at the time of the making of said policy, to-wit, on the 21st day of October, A. D. 1919, said plaintiff was the wife of the said Richard B. Gray and continued to be his wife up to the time of his decease as hereinafter set forth, and that she now survives him and is the person to whom the defendant undertook and promised to pay said sum of money in the event of injuries resulting

in the death of said Richard B. Gray as above set forth; that thereafter so long as he lived the said Richard B. Gray complied with all of the conditions and requirements on his part to be complied with in and by virtue of said policy, including the payment of premium. That on or about the first day of September, A. D. 1921, the said Richard B. Gray fell and was injured; that said injury was effected solely through external, violent and accidental means under the terms of the policy; that as a direct result of the said fall and the injury resulting therefrom, said injury being caused solely by external, violent and accidental means as aforesaid, the said Richard B. Gray on or about the 9th day of September, A. D. 1921, died; that the said death of the said Richard B. Gray as aforesaid was caused by blood poisoning which said blood poisoning resulted directly from the accidental bodily injury heretofore set forth, to-wit, an accidental fall which was by the provisions of said policy expressly insured against; that at the time of the injury sustained by the said Richard B. Gray and at the time of his death the policy hereinabove mentioned was in full force and effect; and that the said Richard B. Gray had done and performed all things requisite and necessary to be done and performed by him to keep said policy in force and effect, including payment of premium.''

The second count of the declaration contains allegations that the defendant for a stated premium paid, insured ''Richard B. Gray against loss of life and promised to pay to Ethel Y. Gray, this plaintiff, who at the time of the issuance of said policy and up to the death of said Richard B. Gray, was the wife of said Richard B. Gray, the sum of One Thousand ($1,000.00) Dollars, if death of the insured occurred while the said contract was in force; that the said Richard B. Gray departed this life on or about the 9th day of September, A. D. 1921; that on the date of the death of said Richard B. Gray the said policy of

insurance was in full force and effect, and that all of the terms and conditions of said policy and all of the requirements as therein set forth had been complied with so as to maintain said policy in full force, including payment of premium; that all and singular the conditions necessary to be complied with have been complied with, including payment of premium, and this plaintiff is entitled to have and recover of and from said defendant the sum of One Thousand ($1,000.00) Dollars, as mentioned in said policy together with interest thereon.''

A demurrer to the declaration was overruled. Demurrers to pleas were sustained and amended pleas were stricken. Judgment was rendered for the plaintiff and defendant took writ of error.

The allegation that the defendant insured the decedent against specified accidents for a stated twelve months and ''annually thereafter,'' taken with pertinent provisions of the policy made a part of the declaration, is, as against the demurrer, a sufficient allegation of the continuance of the policy in force after the first twelve months, where it is alleged that the decedent ''complied with all of the conditions and requirements on his part to be complied with in and by virtue of said policy, including the payment of premium.''

If the declaration alleges without sufficient fullness of detail ''how or in what manner the accidental injuries were sustained by the insured,'' there was no motion for compulsory amendment, and defects, if any, in the allegations did not render the declaration insufficient to state a cause of action.

The court sustained a demurrer to three pleas to the first count of the declaration, three pleas to the second count and two pleas to both counts.

A single assignment of error that the court erred in sustaining the demurrer to defendant's pleas is unavailing

since at least some of the pleas are defective. Charlotte H. & N. R. Co. v. Truette, 81 Fla. 152, 87 South. Rep. 427.

Several pleas aver that the policies lapsed at the expiration of one year, because the subsequent premium was not paid on or before October 21, 1920, with no averment that the premium was not subsequently paid and accepted or the time extended, which was peculiarly within the knowledge of the defendant.

One plea avers that $20.07 in cash was paid and a note for $67.00 given for the remainder of the second annual premiums on which note were credits totaling $60.00 with extensions to August 21, 1921, while another plea avers a payment of $10.00, which apparently was in addition to other payments making a total of $90.07 paid on annual premiums aggregating $88.07, to carry the policy to October 21, 1921. The accident and death occurred early in September, 1921. The insured having died, the defendant, knowing whether deferred payments and extensions had been made, should have clearly shown that the policies had lapsed by reason of nonpayments by the insured upon extensions made by the insurer notwithstanding conflicting provisions if any in the policies or in the formal statements in the note.

As at least some of the pleas were insufficient in law the assignment *en masse* fails.

The amended pleas are subject to the same criticism and being little more than repetitions of the original pleas, no harm to the defendant results from sustaining the motion to strike the pleas rather than sustaining the demurrer that was interposed to the amended pleas. Forbes v. Fort Lauderdale Mercantile Co., 83 Fla. 66, 90 South. Rep. 821; Southern Home Ins. Co. v. Faulkner, 57 Fla. 194, text 198, 49 South. Rep. 542; Daniel & Finley v. Siegel-Cooper Co., 54 Fla. 265, 44 South. Rep. 949.

Upon striking the amended pleas, the court ordered "that the plaintiff Ethel Y. Gray do have and take judgment by default against the defendant Reliance Life Insurance Company, a corporation, and that said plaintiff be, and she is hereby authorized to proceed in accordance with law to prove her damages in this case."

The insurance policies were adduced in evidence and testimony was taken as to an attorney fee for the plaintiff under the statute. A verdict for the plaintiff was directed and judgment was rendered thereon.

The recital in the order striking the amended pleas that the plaintiff "take judgment by default" could not possibly have harmed the defendant, even though a correct order may have been that the plaintiff recover the amount to be duly ascertained. See Wright v. Nesmith, 86 Fla. 544, 98 South. Rep. 584.

The motions to vacate the default judgment and for new trial contained nothing to indicate reversible error in denying the motions.

Affirmed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.