GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, A CORPORATION, *Plaintiff in Error*, v. JOSEPH SUAREZ, JR., *Defendant in Error*.

Division B.

Opinion Filed June 25, 1926.

Petition for Rehearing Denied July 24, 1926.

A Writ of Error to the Circuit Court for Hillsborough County; L. L. Parks, Judge.

1.  Fraud is never presumed, and in order to entitle a party to relief either at law or in equity on that ground, it is essential that the fraud be distinctly alleged in the pleadings so that it may be put in issue and evidence thereof given. This rule is applicable as well to the pleadings of the plaintiff as to those of the defendant.

2.  Whether fraud be alleged in the declaration, complaint, or bill, or set up by way of defense in the plea, answer

or replication, it is essential that the facts and circumstances which constitute it should be set out clearly, concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer.

3. There is no standard by which it may be determined whether fraud charged is material. If set up as a defense it must relate specifically to the contract or the subject-matter in litigation and if it can be shown that the alleged fraud was such that if it had not been perpetrated the contract would not have been executed, then it becomes material and would vitiate the contract; but if it be shown that the contract would have been executed in the manner that it was if the fraud had not been perpetrated, then it can not be said to have been material.

Reversed.

*Thomas Palmer* and *W. B. Dickenson,* for Plaintiff in *Error;*

*A. T. Stuart,* for Defendant in Error.

TERRELL, J.—May 12th, 1923, plaintiff in error executed its policy of fire insurance in favor of defendant in error covering a certain stock of goods at Tampa, Florida, consisting of automobile tires, tubes and appurtenances to the amount of five thousand dollars ($5,000.00). On May 17th, 1923, the stock of goods so insured was destroyed by fire, payment of the policy was refused by the insurance company and thereafter on November 5th, 1923, this action was instituted to recover on the policy.

The declaration was in the usual form and was followed by numerous pleas on the part of the insurance company, some of which were held bad on demurrer and others were stricken on motion. The case was tried before a jury on the issue made by the following pleas to the declaration:

"And for a second plea in this behalf, the defendant says that it never did promise as alleged."

"And for a fifth plea in this behalf, this defendant says, that it specifically denies that any of the goods described and contained in the policy herein sued upon as belonging to the plaintiff has ever been injured or destroyed."

"And for a seventh plea in this behalf, the defendant says that the plaintiff caused the goods mentioned and insured in the policy now sued upon to be set fire to, burned and injured intentionally and with the intent to defraud the defendant."

The jury returned its verdict in the sum of five thousand six hundred sixty-two dollars and thirteen cents ($5,-662.13) and allowed the further sum of seven hundred and fifty dollars ($750.00) attorney's fee. Final judgment was entered on the verdict, motion for new trial was denied, and writ of error was taken to this court.

September 1st, 1924, the defendant Insurance Company interposed its plea raising the defense of fraud, said plea being as follows:

"That the contract herein sued upon, called a policy, a copy of which is attached to plaintiff's declaration, among other things, provides as follows:

This entire policy shall be void, if the insured (meaning thereby the plaintiff) has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or in case of any fraud or false swearing by the insured, touching any matter relating to this insurance, or the subject thereof, either before or after a loss.

"And that the plaintiff fraudulently misrepresented a material fact concerning this said insurance, in this: That the plaintiff by fraudulent representation and with the intention of defrauding and harming the defendant, falsely represented to the defendant that the property to be covered by said policy, consisting of a large number of new automobile tires and new automobile tubes and appurtenances thereto, of a value of more than five thousand dollars, and the plaintiff then and there represented to the defendant that the property upon which said insurance was then and there secured of the defendant, consisted, as aforesaid, of a large number of new automobile tires and new automobile appurtenances thereto, of a value of more than five thousand dollars, and that thereupon this defendant fully believing and relying upon said representation of the plaintiff and being solely induced by said representation of the plaintiff, then and there executed the policy to the plaintiff now sued upon, whereas in truth and in fact, said representations were absolutely false and fraudulent, and made by the plaintiff for the sole purpose of deceiving the defendant, and inducing the defendant to issue the policy insuring the property aforesaid, and whereas in truth and in fact, the said plaintiff did not then and there have, and did not then and there own and possess in the premises aforesaid, any new automobile tires and new automobile tubes and appurtenances thereof, whatever of a value of more than five thousand dollars, as represented to the defendant, but on the contrary, all of the socalled automobile tires and tubes owned by the plaintiff and con-

tained in the premises and covered by said insurance policy, were old, worn out and discarded automobile tires and automobile tubes and appurtenances, and of practically no value whatever, to-wit of the value of ten dollars, and that this defendant relying entirely on said false and fraudulent representation aforesaid, of the plaintiff, and believing the same to be true, was induced therefor, and thereby alone induced, to issue the policy herein sued upon, all of which fraudulent and false representations were then and there well known to the plaintiff to be false and untrue, and were then and there fraudulently made to the defendant by the plaintiff for the sole purpose of securing the insurance herein sued upon, and of this the defendant puts himself upon the country.''

On motion the foregoing plea was stricken. The order of the trial court striking this plea is the basis of the third assignment of error, and presents the only question necessary for our determination here.

Fraud is never presumed, and in order to entitle a party to relief either at law or in equity on that ground, it is essential that the fraud be distinctly alleged in the pleadings so that it may be put in issue and evidence thereof given. This rule is applicable as well to the pleadings of the plaintiff as to those of the defendant. In the absence of such allegation, evidence of fraud will not be received at the trial. 9 Ency. Pl. & Pr. 685.

In alleging fraud, it is well settled both at law and in equity that the mere general averment, without setting out the facts upon which the charge is predicated, is insufficient. Whether fraud be alleged in the declaration, complaint, or bill, or set up by way of defense in the plea,

answer or replication, it is essential that the facts and circumstances which constitute it should be set out clearly, concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer. 9 Ency. Pl. & Pr. 686, citing many cases; Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 648; Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65 South. Rep. 1; Riverside Inv. Co. v. Gibson, 67 Fla. 324, 65 South. Rep. 1; Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 South. Rep. 439; Langston & Strickland v. National China Co., 57 Fla. 92, 49 South. Rep. 155.

The reason for the rule so stated is that fraud is a conclusion of law from facts stated, and it is a well settled rule of pleading that facts, and not legal conclusions, are to be pleaded. Mere general averments of fraud or the fraudulent conduct of a party, without the facts, do not constitute a statement upon which the court can pronounce judgment. It is not necessary however that all the minute facts tending to establish or confirm the allegation should be set forth; a general averment of the facts from which, unexplained, the conclusion of law arises, is sufficient. Burford, Adm'x v. Steele, 80 Ala. 147; Pickett v. Pipkin, 64 Ala. 520; Woodruff v. Howes, 88 Cal. 184, 26 Pac. Rep. 111; Singleton v. Scott, 11 Iowa 589; Corey v. Eastman, 166 Mass. 279, 44 N. E. Rep. 217; McMahon v. Rooney, 93 Mich. 390, 53 N. W. Rep. 539; Hale v. West Va. Oil & Oil Land Co., 11 W. Va. 229; 9 Ency. Pl. & Pr. 688; 2 Pomeroy's Eq. Jur. (4th Ed.) 1835.

There is no standard by which it may be determined whether fraud charged is material. If set up as a defense it must relate specifically to the contract or the subject-matter in litigation and if it can be shown that the alleged fraud was such that if it had not been perpetrated the contract of insurance would not have been executed, then it

becomes material and would vitiate the contract; but if it be shown that the contract of insurance would have been executed in the manner that it was if the fraud had not been perpetrated, then it can not be said· to have been material. 14 R. C. L. par. 203, page 1023.

Tested by the principle announced in this opinion, we do not think the plea was amenable to the assault made on it. It raised a good and valid defense, the materiality of every element of which plaintiff in error was entitled to have submitted to proof and passed on by the jury. The order granting the motion to strike was therefore erroneous.

There were many other assignments predicated on the order of the court overruling the motion for new trial, the admission of evidence and the giving of certain charges, but by reason of this disposition they become unimportant and a discussion of them would serve no useful purpose.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.