GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, *Plaintiff in Error*, vs. JOSE SUAREZ, JR., *Defendant in Error*.

146 So. 644.

Division B.

Opinion filed November 17, 1932.

Rehearing granted January 9, 1933.

Opinion on Rehearing filed February 2, 1933.

On Petition for Second Rehearing, Opinion filed March 7, 1933.

*Dickenson & Lake,* for Plaintiff in Error;

*Caraballo, Graham & Cosio,* for Defendant in Error.

WHITFIELD, P.J.—This action is upon a fire insurance policy for $5,000.00 on "tires, tubes and appurtenances" etc. Two previous judgments for the plaintiff were reversed. Great Am. Ins. Co. vs. Suarez, 92 Fla. 24, 109 So. 262; do 96 Fla. 865, 119 So. 388, 120 So. 320. The verdict and judgment here considered were rendered July 16, 1930, awarding the plaintiff $5,390.00 which includes $3,000.00 damages with interest from September 13, 1923, and $750.00 attorney fees. A writ of error to the judgment was taken by the defendant, August 21, 1930.

The bill of exceptions duly authenticated by the trial Judge and made a part of the transcript of the record brought here on this writ of error, contains a statement that on July 19, 1930, the defendant was by order of court made at the same term in which the verdict was rendered, July 16, 1930, allowed until July 22, 1930, to file a motion for new trial and that such motion was "filed, docketed

and recorded'' July 22, 1930. This motion for new trial was by order denied by the trial Judge, August 16, 1930, during the term in which the verdict and judgment were rendered. The defendant was by the same order allowed ninety days from that date to present a bill of exceptions. A bill of exceptions, which included the motion for new trial, the order denying such motion, and an exception taken thereto, was duly authenticated by the trial Judge on October 23, 1930. The transcript also contains, outside of the bill of exceptions and without any authentication whatever by the trial Judge, a motion filed October 23, 1930, to strike the motion for new trial with objections thereto, and an order granting the motion to strike, with an exception thereto. As the motion for new trial was *filed* within the time allowed under Section 4498 ˙ (2811) C. G. L., and as the trial Judge afterwards considered and denied the motion, it will be assumed on this record that the motion for new trial was duly presented to the court, unless the contrary is duly shown by a properly authenticated transcript.

Even if, after the writ of error was issued to the judgment in the cause and filed in the trial court, the Judge of that court had authority to strike the motion for new trial that had been considered and denied by him, and the motion, the order thereon, and an exception thereto, had been incorporated in a bill of exceptions that had been duly authenticated by such Judge, the transcript brought here on the writ of error does not present the motion to strike the motion for new trial and the order made thereon in such authenticated form that the motion to strike and the order thereon with the exception thereto, may be considered by this court. Such motion to strike the motion for new trial and the order granting the motion to strike and the exception to such order, are not a part of the record proper, but are matters *in pais* which are required by law to be,

but are not, authenticated by the trial court by appropriate bill of exceptions or by other method, if any, that is permissible under the law and the rules of the court. Section 4612, Compiled General Laws, does not cure the defect in the transcript, since the motion to strike and the order thereon and the exception to the order, are not in any way properly authenticated. The certificate of the clerk to the transcript cannot give authenticity to matters *in pais* which had not been duly authenticated by the trial court. The mere copy of the order signed by the Judge granting the motion to strike the motion for new trial is not due authentication, since the motion for new trial and the order made thereon and the exception thereto, being matters *in pais,* the motion to strike and the order thereon, and the exception thereto, are also matters *in pais* and should in some proper manner be authenticated by the trial court and not merely by the certificate of the clerk attached to the transcript on writ of error. The motion for new trial, the order denying the motion and the exception taken to the order as contained in the certified transcript of the duly authenticated bill of exceptions may be considered by this court upon appropriate assignments of error.

A provision of the policy is that "this company shall not be liable beyond the actual value of the property at the time any loss or damage occurs." The court charged the jury that:

> "If you find the plaintiff is entitled to recover in this case he is entitled to recover for whatever the amount you find was the value of the goods in there at the time of the fire, that would be his loss under the terms of this policy."

The evidence considered as an entirety clearly does not show that the actual value of the property at the time of the loss or damages awarded by the verdict and the judgment; and as a consequence the verdict is contrary to the

evidence and the law. Further and detailed discussion of matters argued is unnecessary.

Reversed.

ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.

## ON MOTION FOR REHEARING.

PER CURIAM.—Because this case has been several times reversed by this Court and has resulted favorably to defendant in error on several trials had afterwards (See Great American Ins. Co. of N. Y. vs. Suarez, 92 Fla. 24, 109 Sou. Rep. 299; Great American Ins. of N. Y. vs. Suarez, 96 Fla. 865, 119 Sou. Rep. 388, 120 Sou. Rep. 320), we have decided to grant a rehearing on the merits before the Court *en banc,* so that we may be fully advised among other things, as to whether there is any evidence in the record from which we could allow a remittitur in the amount of recovery, in lieu of a reversal for new trial, if any right to recovery be sustained on re-hearing as justified by the evidence.

But before the re-hearing is had we deem it imperative to discuss and dispose of those questions which have been suggested by the petition for re-hearing relating to the transcript of the record before us and our previous decision thereon.

The motion for new trial was, within the time allowed, filed July 22, 1930, and it was entertained by the Judge who denied the motion August 16, 1930. The motion and the order denying the motion for new trial and the exception thereto appear in the record proper and also in the bill of exceptions.

A writ of error was issued August 21, 1930, by the Clerk of the Circuit Court acting as Clerk of this Court for that purpose. Upon the issuance of the writ of error the cause was transferred to the jurisdiction of this Court; and even without a supersedeas the Circuit Court had no authority

to strike the motion for new trial on October 23, 1930, since the motion for a new trial and the order thereon were a part of the cause that had been transferred to this Court upon the issuance of the writ of error by the clerk of the Circuit Court, August 21, 1930. Besides this, the motion for new trial and the order thereon and the exception taken to the order, were incorporated as a part of the bill of exceptions which was authenticated by the Judge, October 23, 1930. The motion for new trial, not the order denying the motion, was stricken by the Circuit Judge, October 23, 1930. Even if, instead of striking the motion for new trial, which motion, with the order denying it and the exception taken to such order, were then in the jurisdiction of this Court, the Circuit Judge has required the motion to strike the motion for new trial, the objections thereto and the order thereon, with the exception thereto, to be incorporated in a duly authenticated bill of exceptions, and included in the transcript sent here under the writ of error, the effect, if any, which such matters so authenticated by the Judge would have upon the motion for new trial that had been entertained and denied by the Circuit Judge, August 16, 1930, would be for this Court to consider if duly presented.

But the matters relative to striking the motion for new trial are adversary proceedings *in pais*, had two months after the motion for new trial was denied; and such matters *in pais* are not so authenticated that they may be considered by this Court. It is now too late to authenticate a bill of exceptions covering the motion to strike, the objections thereto, and the order thereon with the exceptions thereto, because when, upon adversary proceedings on October 23rd, the order was made striking the motion for new trial, no bill of exceptions was then authenticated covering such matter under Sections 4609 (2904), 4614 (2906) Compiled General Laws; and no further time was

allowed by special order in which to do so under Rule 97.

The opinion and judgment of this Court are correct on the record as it then existed in the Circuit Court. Brown v. State, 29 Fla. 494, 11 Sou. Rep. 181. A motion to amend the bill of exceptions to include therein matters not properly authenticated to become a part of the record at the time the judgment here was rendered, will not avail the movant, because when the order striking the motion for new trial was made, the proceedings, being adversary and *in pais*, should have been but were not incorporated and authenticated in a bill of exceptions; and no further time was allowed by special order for preparing and presenting for authentication a bill of exceptions containing such adversary proceedings *in pais* which were had on October 23, 1930. The only order extending the time for presenting a bill of exceptions was incorporated in the order made August 16, 1930, denying the motion for new trial. Even if that order extending the time for presenting a bill of exceptions is sufficient to cover the order made October 23, 1930, striking the motion for new trial, the Court had no authority to strike the motion for new trial after the writ was issued August 21, 1930. If this Court can consider for any purpose, the motion to strike the motion for new trial, such motion to strike is a matter *in pais* which has not been by the Judge ordered to be included in a bill of exceptions for consideration by this Court; and it is now too late to do so. Neither Sections 4609 (2904), 4616 (2906), Compiled General Laws, nor Rule 97, relating to bills of exceptions was complied with when the motion to strike the motion for new trial was granted. Rule 97 requires the order extending the time for preparing a bill of exceptions to be "entered in the minutes" of the Court.

In the Brown case, *supra,* the mandate had been transmitted to the lower court. In this case the mandate has not been sent down, but the judgment here is correct on

the record as it then stood in the Circuit Court; and as the matters sought to be made a part of the bill of exceptions cannot now be properly authenticated in a bill of exceptions for consideration by this Court, an order permitting the Circuit Judge to amend the bill of exceptions so as to include such matters would be futile. Section 4614, Compiled General Laws, does not avail in this case.

The motion to amend the record is denied. A rehearing is granted on the record as heretofore considered, the case to be assigned for argument before the Court *en banc* at an early date.

BUFORD, C.J. AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

---

## ON REHEARING

PER CURIAM.—In the former opinion on this writ of error the court held that "the evidence considered as an entirety clearly does not show that the actual value of the property at the time of the loss or damage was even approximately the principal amount of damages awarded by the verdict and the judgment."

Upon a rehearing granted, the record has been again considered and it is now ordered and adjudged that if the plaintiff below shall, within ten days from the filing of the mandate of this court in the court below, enter a remittitur for one thousand dollars of the principal amount awarded as of the date of the judgment, and also one third of the amount allowed for attorney fees, the judgment shall stand affirmed as of the date thereof for the remainder; otherwise, the judgment shall stand reversed for a new trial. F. R. & N. Co. v. Webster, 25 Fla. 394, 5 So. 714; A. C. L. R. R. Co. v. Watkins, 99 Fla. 395, 126 So. 489.

It is so ordered.

DAVIS, C.J. AND WHITFIELD, BROWN AND BUFORD, J.J., AND ROWE, Circuit Judge, concur;

ELLIS, J., absent on account of illness.

ON PETITION FOR SECOND REHEARING.

PER CURIAM.—In its opinion filed February 2, 1933, the Court affirmed the judgment on condition that a remittitur be entered by defendant in error.

The practice of affirming judgments on conditions of remittitur originated in this State at an early date. See Simpson v. Daniels, 16 Fla. 677; Mclean v. Spratt, 20 Fla. 515; Gunning v. Heron, 25 Fla. 846, 6 Sou. Rep. 855; Savannah F. & W. R. Co. v. Davis, 25 Fla. 917, 7 Sou. Rep. 29. The theory on which remittiturs are allowed is that by so doing the appellate Court does not substitute its own judgment for that of the jury, but simply indicates by its decision that it would not sustain, on the record before it, a judgment for a greater sum than the amount it indicates might be upheld under the law, in which event the prevailing plaintiff in the Court below is given the option to either take the amount indicated as the maximum, or suffer a new trial in order to have the damages more clearly determined before another jury. Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 Sou. Rep. 714.

In cases where *some* legal liability is shown by the record brought here on writ of error, but it is plainly apparent from that same record that under no circumstances could the Court justifiably under the law uphold the amount of damages allowed by the jury in that particular case, without better or additional proof on a new trial, which better or additional proof may, or may not, be available to be offered by the plaintiff, should a new trial be had, the practice here is in general to affirm the judgment as to the *liability* shown, and permit a voluntary remittitur by the prevailing party to purge the judgment of obviously excessive damages, provided the plaintiff wishes to pursue that course, instead of suffering a new trial to fix an amount of damages that would be supported by the record. This carries out the constitutional mandate to the Courts

to administer justice speedily and without delay, by permitting cases to be concluded promptly without waiting for a new trial if prevailing plaintiff below is willing to accept what the Court indicates is the maximum amount of damages he can recover without submitting to a new trial and offering better or additional proof on the subject of his damages.

There is, however, an exception to the rule that where liability is shown but the damages not fully proved that the judgment will be affirmed on condition of remittitur. This exception is illustrated by such cases as Carlton v. Vaux, 102 Fla. 708, 136 Sou. Rep. 708, where it appeared that the evidence was so lacking in essential particulars that were reasonably appropriate for an estimate of the damages, that the Court could not determine with satisfactory certainty what would have been a proper remittitur. In such cases, which constitute an exception to that general rule, a new trial is ordered without privilege of remittitur.

In this case there were several trials, all of which resulted in favor of the plaintiff below. All the evidence has already been offered that may reasonably be expected to be produced. The court could not justifiably sustain the verdict for the entire amount of damages recovered. Yet after several successful jury trials it could not be said that liability had not been shown by plaintiff for some recovery as against defendant's defense.

In the opinion of this Court filed February 2, 1933, it was held that if the plaintiff below should, within ten days from the filing of the mandate of this Court in the Court below, enter a remittitur for one thousand dollars of the "principal amount awarded," as of the date the judgment, and also one-third of the amount allowed as attorney's fees, the judgment stand affirmed.

The "principal amount awarded" which was intended to be referred to, was the principal amount of three thousand

dollars *named in the verdict*. To put it another way, this Court has held that if plaintiff below will enter a remittitur, so as to reduce the recovery, as of July 16, 1930, to the principal sum of $2,000.00 with interest thereon from September 13, 1923, at 8% per annum, and $500.00 attorney's fees, the judgment will be permitted to stand, as of July 16, 1930, for the aggregate of the amounts just stated, which represent a deduction from the original amounts "awarded" by the verdict, of one third of the *principal* sums stated in the verdict. The opinion of February 2, 1933, as just explained, is therefore adhered to and a further re-hearing will be denied.

Where it plainly appears that damages awarded are excessive, when the evidence in the record is viewed as a whole, but it further appears that plaintiff has several times prevailed in several previous jury trials of the issues involved in the whole case, the Supreme Court, in order to permit the litigation to be concluded without unduly prolonging the case by a re-trial directed almost wholly to the question of damages, may permit a remittitur to be entered by plaintiff in order to avoid another new trial, although it would be warranted in absolutely and unconditionally reversing the judgment for a new trial in accordance with the exception to the general rule heretofore referred to.

Re-hearing denied.

DAVIS, C.J. AND WHITFIELD, BROWN AND BUFORD, J.J., concur.