KANNER, Judge.
This was a personal injury case wherein a car driven by the appellee, Guthrie, with the appellee, London, as passenger, was struck from the rear by a truck driven by the appellant, Mullins, and owned by the appellants, Aylesworth. The jury returned verdicts of $30,000 for London and of $500 for Guthrie. The court entered judgments pursuant to the jury’s findings, and this appeal ensued.
Although several points are advanced, the appellants contend primarily that the verdict of $30,000 in favor of London is grossly excessive. Counsel on behalf of appellants forthrightly assert through the reply brief that the case has been tried two times and that a third trial would have the same result on the question of liability. However, this concession is coupled with the statement that there is no foundation to sustain the amount of the verdict. Upon this premise, appellants urge that the cause be reversed for new trial on the question of damages only or that a remittitur be entered based upon what the court finds to be the maximum judgment the evidence will support. In this opinion, therefore, we are dealing with appellants’ problem under these two named recourses. To answer other appeal points asserted would not alter our ultimate determination.
In order to determine whether a new trial should be granted on the question of damages only or whether a remittitur should be allowed, we must consider applicable legal principles, along with the evidence upon which the jury based its $30,000 verdict.
 First of all, we may state that a judgment of a trial court entered upon a jury verdict does warrant reversal for *818 new trial where the verdict is grossly excessive. When considering whether the verdict is excessive, a court must be cognizant of and must be guided by the principle that the awarding of a sum as damages in a personal injury action is a function primarily reposed within the sound discretion of the jury under appropriate instructions given by the trial court. A reviewing court is reluctant to substitute its judgment for that of the jury as to damages, unless the appellant, upon whom the burden rests, establishes that the verdict was wholly unsupported by the evidence or was the result of passion, prejudice, or other improper motive, or where the verdict is so excessive as to “shock the judicial conscience.” Little River Bank and Trust Company v. Magoffin, Fla.1958, 100 So.2d 626; and Bartholf v. Baker, Fla.1954, 71 So.2d 480.
Under the question of whether a re-mittitur should be allowed, the general rule appears to be that where entry of such is required to correct a grossly excessive verdict or judgment, the amount of the excess must clearly appear from the record. If it then appears from the entire showing made by the record that damages awarded by the jury are grossly excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance. Price v. Jordan, Fla.App.1959, 115 So.2d 444; Elks Club of Tampa v. Adair, 1928, 95 Fla. 415, 116 So. 26; and De La Vallina v. De La Vallina, 1926, 90 Fla. 905, 107 So. 339.
With these principles in mind, we now consider the substance of the evidence upon which the jury based its verdict, as it concerns the injuries sustained by the plaintiff, London.
London suffered severely as a result of the accident. He was taken by ambulance to a hospital where it was determined by x-ray that he had sustained compression fractures-.of the first and third lumbar vrrrtebrae, situated about the lower middle of his back. Fie was unable to move, was in extreme pain from the fractures, and had muscle spasms in his back. Medical testimony was to the effect that London suffered shock and had numerous abrasions and contusions in addition to the back fractures.
He was placed in a full body cast on November 5, 1956, and he remained in this cast until March 2, 1957, or just under five months. He was hospitalized from October 29, 1956, the date of the accident, until the following November 10. After his release from the hospital London was cared for by his wife, but out-patient treatment for his injuries continued and it was necessary that medication be provided for the pain which he suffered during the time he wore the cast. After the cast was removed, London intermittently had to wear a brace to support and protect his back, and he was wearing such brace at the time of the trial. Physical exercises were prescribed, but he generally found it too painful to perform them. Medical testimony was that thereT" was a pre-existing osteoarthritic condition in his spinal column, asymptomatic previously, which caused him to suffer more pain than he otherwise would, due to arthritic changes which have resulted from changes caused by the fractures.
The two fractured vertebrae healed satisfactorily but left some permanent injury. There was evidence of some shortening of London’s spinal column and some curvature resulting from the manner in which the fractures healed. An orthopedic expert testified that anatomically there was about a fifteen per cent disability of his spinal column. However, this doctor testified that there had resulted approximately a twenty-five per cent to thirty per cent functional disability as to the patient’s work. Another doctor who treated London from the beginning estimated a thirty-five per cent disability and incapacity for work of the type he had been performing. This doctor also testified that London was markedly limited as to lifting, stooping, or bending. There was testimony that Lon *819 don, as a result of the back injuries, has been unable to engage in normal marital relations.
London’s salary at the time of the accident was $100 per week. He was then fifty-six years of age, and his job had involved physical labor in the operation of heavy machinery. He had not resumed his work by the time of the trial, being unable to perform it.
We fail to find that passion, prejudice, or other improper motive entered into the verdict ; nor do we find that the appellants established that the verdict was wholly unsupported by the evidence. On the contrary, we conclude that the evidence as delineated shows injuries and suffering adequate to uphold the amount awarded. This being true, the two recourses considered under this analysis must be rejected, both as to recourse for a new trial on damages and as to a remittitur.
Affirmed.
ALLEN, C. J., and WARREN, LAMAR, Associate Judge, concur.