PER CURIAM.
Defendants appeal a jury award of $78,000 as compensation for plaintiff’s services as a real estate broker. We have examined the appellate points and considered the presentations of counsel concerning them. It is our opinion that, except for the excessiveness of damages reflected in the verdict and judgment, no reversible error has been demonstrated.
It is manifest from the proofs that the plaintiff earned and is entitled to payment of a real estate commission from the defendant purchasers, Harold H. Gordon and Harry L. • Haulman, and this was indeed corroborated by the jury verdict in the sum of $78,000. It is equally manifest that the record reveals support for a verdict of $51,800 only, and for no larger sum, based upon the oral agreement between the broker and the purchasers. Searching for the basis for the jury figure, we find it undoubtedly stemmed from their misunderstanding of counsel’s discussion of a confusing paragraph in an unsigned, and thereby irrelevant, contract between the parties. Thus, we believe there to be a clear legal basis from the record for correcting the erroneous computation and allowing opportunity to make the verdict align with the almost uncontroverted proofs. Thus, the appealed judgment is affirmed as to liability and damages on condition that, within thirty days after issuance and filing of our mandate, the plaintiff files in this cause in the trial court a voluntary remittitur of $26,200 of the amount of the judgment, so that in sum and substance the judgment will stand corrected so’ as to read in the amount of *536 $51,800; otherwise, the judgment shall stand reversed for a new trial as to the amount of damages. Butler v. Williams, Fla.App.1961, 133 So.2d 109; Great American Ins. Co. v. Suarez, 1932, 107 Fla. 705, 146 So. 644; Aylesworth v. London, Fla.App.1960, 119 So.2d 816; South Florida Farms Co. v. Stevenson, 1922, 84 Fla. 235, 93 So. 247.
It is so ordered.
WALDEN and CROSS, JJ., and POUL-TON, TIMOTHY, Associate Judge, concur.