WALDEN, Judge.
This was a suit for a real estate commission. The jury returned a verdict for $30,-000.00 after which the trial court granted the defendants’ motion for a directed verdict with the consequence that the plaintiff, a real estate sales person, received nothing. Plaintiff, Jennie Capobianco, appeals. We reverse with instructions.
Plaintiff, Jennie Capobianco, was a real estate sales person associated with defendant, Palermo Realty, Inc. Defendant, Joseph A. Palermo, was president of Palermo Realty, Inc. The agreement between the parties was that plaintiff would receive a 50% commission for the sale of any real estate the listing or sale of which had been procured by her.
Plaintiff obtained a listing upon an orange grove which information was conveyed to defendants. Thereafter defendants purchased the grove and refused to pay any commission to plaintiff. Suit and this appeal by plaintiff ensued. Defendants did not cross appeal.
The final judgment reflected this basis for denying recovery to plaintiff despite the jury’s favorable verdict. “There is no substantial evidence to support the jury’s verdict because the plaintiff did not prove a customary commission rate prevailing in the community. The amount of damages which the jury assessed in its verdict is not even within the range of commission rates for which the plaintiff argued showing the jury’s misconception on this essential element of proof.”
*597 The proper procedural rule used by the trial court in reaching its decision was Florida Rule of Civil Procedure 1.480. The special criteria to be used in adjudicating a motion for directed verdict is well known and need not be repeated.
A review of the evidence reveals that the listing agreement did not specify a percentage rate commission. However, the testimony of defendant, Joseph A. Palermo, and that of Professor Greene, defendants’ expert witness, reflect that upon sales of grove property, such as here involved, the commission is customarily negotiated and that the customary or usual commission ranges from 5 to 10 percent of the sales price. The parties agree that the verdict for $30,000.00 exceeded the high rate of 10 percent by the sum of $6,375.00.
In our view the testimony was sufficient to withstand a motion for directed verdict and was sufficient as a base to support a verdict up to 10 percent of the sales price. See John F. Fleming, Inc. v. Beutel, 395 F.2d 21 (7th Cir.1968).
We reverse and remand with instructions to reinstate the jury verdict and allowing plaintiff 30 days from date of mandate to file a voluntary remittitur in the sum of $6,375.00. In the event such remittitur is filed judgment should be entered in favor of plaintiff and against defendants in the sum of $23,625.00. In the event such remittitur is not filed then the trial court should grant a new trial as to damages, only. South Florida Farms Co. v. Stevenson, 84 Fla. 235, 93 So. 247 (1922); Gordon v. Cove Realty International, Inc., 288 So.2d 535 (Fla. 4th DCA 1974); see also Aetna Life & Casualty Company v. Little, 384 So.2d 213 (Fla. 4th DCA 1980).
Reversed and remanded with instructions.
LETTS, C.J., and GLICKSTEIN, J., concur.